IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANA CRANFIELD<br>5557 Thomas Street<br>Maple Heights, Ohio 44137<br><br>   Plaintiff,<br><br> vs.<br><br>COSTCO WHOLESALE CORPORATION<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>   Defendant. | Case No.<br><br>Judge:<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, ("Title VII"), as amended, 42 U.S.C. §§2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended, and under the law of Ohio, Ohio Revised Code Chapter 4112, to remedy unlawful employment discrimination on the basis of race and color and to provide appropriate relief to Plaintiff Diana Cranfield ("Plaintiff"). As alleged with particularity below, Plaintiff alleges that Defendant Costco Wholesale Corporation subjected Plaintiff to unlawful discrimination by failing to promote Plaintiff because of race and/or color in violation of Plaintiff's rights.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §1331 and 28 U.S.C. §1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

2. Venue is proper in the United States District Court for the Northern District of

1

Ohio under 28 U.S.C. § 1391(b) because the alleged unlawful employment actions giving rise to Plaintiff's claims occurred and/or were committed in this judicial district.

## PARTIES

3. Plaintiff is dark-complected African American currently residing in Cuyahoga County, Ohio and has been, at all relevant times, an employee of Defendant.

4. At all relevant times, Defendant Costco Wholesale Corporation ("Defendant") has continuously been a for-profit corporation, incorporated in the State of Washington, and doing business in Boston Heights, Ohio, Summit County, and has continuously had at least fifteen employees.

5. Plaintiff filed a timely charge of race and color discrimination with the Equal Employment Opportunity Commission (the "EEOC") and received a Notice of Right to Sue less than ninety (90) days before the filing of this Complaint.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

6. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

7. Plaintiff has been employed by Defendant as a Bakery Wrapper at its Boston Heights location since April 11, 2016. As set forth below, Plaintiff applied for and was denied a promotion to the position of Refund Cashier on at least four occasions.

8. Defendant set forth its objective qualifications for Refund Cashier in a job description. Plaintiff met all of these qualifications. Among other things, Plaintiff had twenty-plus years of experience working as a cashier, had been working the cash register for Defendant in the food court to pick up extra hours when she was not working in her job as a Bakery Wrapper, has a high school diploma, and had no disciplinary or counseling write-ups in her file when she applied

2

for the Refund Cashier positions. Moreover, her performance evaluations included the following comments:

      a.    "Diana does a good job communicating the needs of her area. Often times she will relay messages to her coworkers before I [the supervisor] am able."

      b.    "When interacting with our members, Diana is good at focusing on them, understanding how important it is to give them our full attention."

      c.    "Diana is very proactive when communicating with her fellow coworkers and managers. Being a proactive communicator is very important to maintaining a strong business. She has taken any coachings or feedback she has been given and immediately implemented them into her work."

      d.    "When interacting with our members, Diana does a good job focusing on them, understanding how important it is to give them our full attention, making eye contact and being courteous."

      e.    "Diana is always friendly and respectful with her coworkers and has the opportunity to enhance her productivity by monitoring how these relationships can at times affect her work. Throughout the time our warehouse has been open, Diana has certainly increased her dedication to providing quality products and thoroughly completing any assigned task. She will ask questions to ensure she is completing these things in the desired manner."

      f.    "Diana is quite pleasant when engaging with our members. Her member service skills are most evident when she is assisting in the food court and spends most of her time working at the counter helping members."

      g.    "Diana is always friendly and respectful with her coworkers."

      h.    "Diana has always been open to working with a wide range of teammates from pre-opening marketing teams to training at other warehouses."

      i.    "Diana's work is consistent in our goal to provide quality products to our members. If ever unsure of any item, she doesn't hesitate to ask for guidance. Continue to set the bar for what we make available to our members."

9. Julia Petrescu (Caucasian) was at all relevant times Manager of Defendant's Membership department at the Boston Heights, Ohio location, and the person responsible for deciding to whom the Refund Cashier positions at issue would be awarded.

10. In or about January 2018, Defendant posted a full time Refund Cashier position opportunity at its Boston Heights, Ohio location where Plaintiff was employed as a Bakery Wrapper. Three persons applied, to wit, Plaintiff, Amanda Brownfield (Caucasian), and Avis McCormick (Caucasian). Plaintiff was qualified for the position, interviewed and was considered for the position, but Defendant awarded the position to Brownfield, who had similar or lesser qualifications than Plaintiff.

11. In or about May 2018, Defendant posted another full time Refund Cashier position opportunity at its Boston Heights, Ohio location. Three persons applied, to wit, Plaintiff, Thakur Mishra (non-Caucasian) and Shauna Shields (Caucasian). Plaintiff was qualified for the position, interviewed and was considered for the position, but Defendant awarded the position to Shields, who had similar or lesser qualifications than Plaintiff. Defendant has tried to justify its decision to award Shields the position based on the false reasons that Plaintiff had little experience working as a cashier and that Shields had prior experience working in the Membership department at another one of Defendant's locations.

12. On or about July 12, 2018, due to Plaintiff's persistent efforts to obtain the Refund Cashier position, Defendant allowed Plaintiff to begin on the job training as a Refund Cashier for a 13 week period.

13. Toward the end of August 2018, Defendant posted two part time Refund Cashier position opportunities at its Boston Heights, Ohio location. Plaintiff applied for those positions. By the time of Plaintiff's interview for those positions on or about August 31, 2018, she had been working as a Refund Cashier for seven weeks, and her actual benchmark performance

measurements were as good as or better than the candidate who had gotten the job in May 2018, Shauna Shields (Caucasian). For example, the "Real Time Membership Statistics" kept by Defendant for the period from July, 15, 2018 through September 2, 2018 reveal that Plaintiff sold more new memberships than Shields (83 to 68), and the same number of credit cards as Shields (29), even though Plaintiff was working 24-28 hours per week in the Membership department and Shields was full time. Plaintiff also sold more memberships working part time than full time Refund Cashier Laura Riley (who sold 63). Plaintiff more likely than not would have sold more memberships than the full time Refund Cashiers if she too had been full time.

14. Defendant also measured the percentage of executive memberships to new memberships sold, and the percentage of credit cards sold to new memberships sold. Plaintiff outperformed Membership department manager Petrescu herself in executive membership percentage (40% to 24%) and equaled Petrescu in credit card percentage (20%). As head of the department who measured performance using these benchmarks, Petrescu knew that Plaintiff had performed better than she herself had performed based on these metrics. Plaintiff also outperformed department supervisor Adam Bruening in credit card percentage (20% to 14%) and outperformed part time Refund Cashier Susan Tachovsky in both categories (40% to 36%, and 20% to 19%), even though Tachovsky had been working in the Membership department since July or August 2016.

15. Five persons applied for the two open Refund Cashier positions posted by Defendant toward the end of August 2018, to wit, Plaintiff, Thakur Mishra (a person of color), Alex Moran (Caucasian), Jennifer Boulis (Caucasian), and Nina Adams (a light-complected person of mixed race). Plaintiff was qualified for the positions, interviewed and was considered for the position.

16. Defendant awarded the positions to Adams and Boulis, who had similar or lesser qualifications for the positions. Prior to getting the position, Adams' job at Defendant's Boston Heights location was Front End assistant, meaning she boxed items at cash registers. Adams had no prior experience working in membership and she had less seniority than Plaintiff, which were two reasons given to Plaintiff as to why she was not awarded the Refund Cashier position posted in May 2018. Likewise, Boulis was not even employed by Defendant when she interviewed for the position, and Boulis had no experience working in the membership department.

17. Following its investigation the EEOC issued a Determination finding reasonable cause to believe that Defendant discriminated against Plaintiff because of her race, Black, and her color, dark-skinned, when, in 2018, she was denied promotions to a Refund Cashier position, in violation of Title VII.

## **COUNT I – TITLE VII**

18. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

19. Plaintiff is a member of a protected class.

20. Plaintiff applied for and was qualified for the Refund Cashier positions posted in January, May and August 2018.

21. Plaintiff was considered for and was denied the Refund Cashier positions posted in January, May and August 2018.

22. Individuals of similar or lesser qualification than Plaintiff who were not a member of the protected class received the Refund Cashier positions in January, May and August 2018 at the time Plaintiff's request for the position was denied.

23. Defendant denied Plaintiff the subject Refund Cashier positions because of race and/or color.

24. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

25. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

## COUNT II - 42 U.S.C. § 1981

26. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

27. Defendant's actions and inactions described herein violated 42 U.S.C. § 1981, which secures to all persons within the jurisdiction of the United States the same right to make and enforce contracts, including the same right to employment opportunities, as is enjoyed by white citizens.

28. Defendant denied Plaintiff the subject Refund Cashier positions because of race and/or color in violation of 42 U.S.C. § 1981.

29. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

30. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

## COUNT III - O.R.C. §§ 4112.02 and 4112.99

31. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

32. By it actions and inactions as set forth in Counts I and II, Defendant violated Ohio Revised Code § 4112.02(A), which makes it unlawful for any employer to discriminate against an

employee because of race and/or color with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

33. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Order Defendant to make Plaintiff whole, with appropriate back pay, front pay, benefits and other appropriate relief in amounts to be determined at trial.

B. Order instatement of Plaintiff to the position of Refund Cashier.

C. Award compensatory damages in an amount to be determined at trial.

D. Award Plaintiff punitive damages.

E. Award Plaintiff pre-judgment and post-judgment interest on all sums awarded.

F. Award Plaintiff the costs of this action, including reasonable attorney's fees; and

G. Award, order and grant Plaintiff such other legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Suite 102
Cleveland, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570
dwneel@neellaw.com

*Attorney for Plaintiff Diana Cranfield*

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues as to which she is entitled to a jury.

/s/ *David W. Neel*
David W. Neel (0033611)