**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| DIANA CRANFIELD, | ) | CASE NO. 5:20-CV-02565-CEH |
| | ) | |
| Plaintiff, | ) | CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant, | ) | |
| | ) | |

## I.      Introduction

This case arises from Plaintiff Diana Cranfield's ("Plaintiff" or "Cranfield") employment with Defendant Costco Wholesale Corporation ("Defendant" or "Costco"). Cranfield alleges that Costco is liable under various federal and state discrimination, failure to accommodate, and retaliation laws. Costco moved for summary judgment on each of Cranfield's claims for relief. (ECF No. 23). Cranfield responded in opposition to summary judgment. (ECF No. 31) and Costco replied in support. (ECF No. 33). The matter is ripe for review.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Costco's motion for summary judgment.

## II.      Background Facts

Costco hired Cranfield as a seasonal employee in the fall of 2015. (ECF No. 24-1, PageID #162). Costco then hired Cranfield as a regular part-time employee at its Boston Heights location in April 2016. (ECF No. 24-1, PageID #162). She primarily worked in the bakery as a bakery

wrapper but did thirteen weeks of cross-training in the membership/marketing department ("Membership Department"). (ECF No. 24-1, PageID #162-63). Cranfield describes herself as a "dark-complected African American" who suffers from anxiety, panic attacks, and depression. (ECF No. 13, PageID #68, 74). Between January 2018 and September 2018, Cranfield applied to four part-time refund cashier position announcements at Costco, each located in the Membership Department. (ECF No. 25, PageID #609-14; ECF No. 31, PageID #649-55). Costco filled each position with another candidate, mainly Caucasians, and gave Cranfield several reasons for not hiring her including her inability to answer benchmark questions in the interview, her lack of experience in the department, and her lack of seniority. (ECF No. 25, PageID #609-14; ECF No. 31, PageID #649-55).

On or around July 15, 2018, after Cranfield's second unsuccessful application, Julia Petrescu, the manager of the Membership Department, and Gustavo Clark, the general warehouse manager, created a thirteen-week training boot camp for Cranfield to learn various roles within the Membership Department. (ECF No. 25, PageID #612; ECF No. 31, PageID #652). Cranfield performed adequately during the training and applied for a position as a refund cashier within the Membership Department in August 2018. (ECF No. 25, PageID #612; ECF No. 31, PageID #652). Costco again filled the position with someone other than Cranfield, stating that she was not performing to department standards. (ECF No. 25, PageID #612-13; ECF No. 31, PageID #652). In 2018, Cranfield filed a discrimination charge with the EEOC and received a determination that there was evidence that Costco discriminated against Cranfield based on her race and color when she was denied the promotions. (ECF No. 24-24, PageID #561; ECF No. 31-1, PageID #685).

Cranfield alleges that she requires therapy sessions to treat her ongoing anxiety, stress, depression and panic attacks. (ECF No. 25, PageID #609; ECF No. 31, PageID #661). For the

purposes of its motion, Costco does not dispute this fact. (ECF No. 25, PageID #609). At all relevant times, Cranfield was entitled to FMLA leave. (ECF No. 24-1, PageID #176). In April of 2019, Cranfield made a written request to her immediate supervisor in the bakery asking for every Thursday and Saturday off indefinitely to meet with her therapist. (ECF No. 25, PageID #614; ECF No. 31, PageID #661). Cranfield's written request did not specify the times or dates of her therapy appointments. (ECF No. 25, PageID #615). Costco initially granted Cranfield's non-specific schedule request; however, it quickly realized that the first week the accommodation request was to go into effect, Cranfield had already put in a request for Saturday, Sunday, and Monday off for the week. (ECF No. 25, PageID #616; ECF No. 31, PageID #661). Additionally, that specific weekend was a holiday, so Costco rewrote the schedule to have Cranfield work that Thursday. (ECF No. 25, PageID #616; ECF No. 31, PageID #661). After seeing the new schedule, Cranfield alleges she suffered a panic attack. (ECF No. 25, PageID #616; ECF No. 31, PageID #661). Cranfield did not reiterate her accommodation request after these events, nor did she alert Costco of any changes in her treatment schedule. (ECF No. 24-1; PageID #175-76).

In October 2019, Cranfield filed a second charge with the EEOC alleging that Costco discriminated against her due to her disability by failing to accommodate her therapy sessions and retaliated against her for filing the 2018 EEOC charge. (ECF No. 31-1, PageID #682; *see also* ECF No. 24-1, PageID #160). Cranfield received another determination from the EEOC stating there was evidence supporting her allegations. (ECF No. 31-1, PageID #682). In August 2020, Cranfield

used Costco's "open-door policy" to complain about the Membership Department accepting another employee's transfer request from out of state.[1] (ECF No. 25, PageID #627).

On November 14, 2020, Cranfield brought suit against Costco alleging race and color discrimination claims pursuant to 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 1981 and Ohio Rev. Code §§ 4112.02 and 4112.99. (ECF No. 1; PageID #6-7). In her amended complaint, Cranfield brings disability discrimination claims under 42 U.S.C. § 12101 and Ohio Rev. Code §§ 4112.02 and 4112.99. (ECF No. 13, PageID #74-77). Cranfield also alleges retaliation claims pursuant to 42 U.S.C § 2000e-3(a) and 42 U.S.C § 12203(a). (ECF No. 13, PageID #77-78). Costco maintains that it had legitimate, non-discriminatory reasons for refusing Cranfield each of the promotions and her accommodation request. (ECF No. 14, PageID #102).

### III.    Standard of Review

Federal Rule of Civil Procedure 56(a) lays out the standard for summary judgment motions. It provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that there is no genuine dispute as to any material fact or that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1] Although the parties do not define what Costco's "open-door policy" entailed, for the purposes of this order the Court understands, based on the parties' briefs, it to mean an informal opportunity Costco provides its employees to raise complaints and concerns about the workplace.

4

Fed. R. Civ. P. 56(c)(1).

In reviewing summary judgment motions, the court views the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Tokmenko v. MetroHealth System*, 488 F. Supp. 3d 571, 576 (N.D. Ohio 2020) ("A dispute about a fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). Determining whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most cases, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, "[c]redibility judgments and weighing of the evidence are prohibited during the consideration of a motion for summary judgment." *Ahlers v. Scheibil*, 188 F.3d 365, 369 (6th Cir. 1999).

The moving party must make a prima facie showing that it is entitled to summary judgment, and it bears the burden of production. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party can meet its burden of production by either: (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.*

If the moving party meets its burden of production, then the non-moving party must point out specific facts in the record that create a genuine issue of material fact. *Zinn v. United States*,

885 F. Supp. 2d 866, 871 (N.D. Ohio 2012) (citing *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992)). The non-moving party must show "more than a scintilla of evidence to overcome summary judgment"; it is not enough to show that there is slight doubt as to material facts. *Zinn*, 885 F. Supp. 2d at 871 (quoting *Fulson*, 801 F. Supp. at 4). Moreover, the trial court does not have "a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) (citation omitted)).

## IV.   Law and Analysis

### A.  Discrimination Claims

Cranfield brings race and color discrimination claims pursuant to 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 1981 and Ohio Rev. Code §§ 4112.02 and 4112.99[2]. (ECF No. 13, PageID #72-74). Cranfield brings disability discrimination claims under 42 U.S.C. § 12101 and Ohio Rev. Code §§ 4112.02 and 4112.99[3]. (ECF No. 13, PageID #74-77). The United States Supreme Court case *McDonnell Douglas Corp. v. Green* provides the standard by which to analyze each of Cranfield's discrimination claims. *Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000) (applying *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) to race discrimination claims); *Deister v. Auto Club Ins. Ass'n*, 647 Fed. App'x. 652 (6th Cir. 2016) (applying *McDonnell Douglas* to disability claims); *Rorrer v. City of Stow*, 743 F.3d 1025 (6th Cir. 2014) (applying *McDonnell Douglas* to

---

[2] Cranfield's race and color discrimination claims under state law are analyzed under the same framework as the federal claims of the same nature. Therefore, any decision rendered by the Court on the federal claims apply to the state claims. *Robinson v. City of Cleveland*, 2017 WL 4574556, at *3 (N.D. Ohio Oct. 13, 2017), aff'd, 2018 WL 6039236 (6th Cir. May 31, 2018).

[3] Cranfield's disability discrimination claims under state law are analyzed under the same framework as the federal claims of the same nature. Therefore, any decision rendered by the Court on the federal claims applies to the state claims. *Rosebrough v. Buckeye Valley High Sch.*, 582 F. App'x 647, 650 (6th Cir. 2014).

6

retaliation claims). When there is no direct evidence to support the claims, such as here, the *McDonnell Douglas* test can be applied to each count to determine whether a genuine issue of material fact exists. *Kleiber v. Honda of Am. Mfg.*, 485 F.3d 862, 869 (6th Cir. 2007).

The *McDonnell Douglas* Court established a three-stage process for analyzing discrimination claims. "First, the plaintiff must show a prima facie case of discrimination, which gives rise to a presumption of discrimination." *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 584 (6th Cir. 2002) (citing *McDonnell Douglas*, 411 U.S. at 802-04) (additional citations omitted). "Second, the burden shifts to the defendant to rebut the presumption by offering a legitimate, nondiscriminatory reason for the plaintiff's discharge." *Cicero*, 290 F.3d at 584 (citing *McDonnell Douglas*, 411 U.S. at 802–04) (additional citations omitted). "Third, the plaintiff must then show the defendant's proffered reason for discharge is a pretext for discrimination." *Id*. Pretext can be shown if "the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews*, 231 F.3d at 1021 (citing *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). At all times, the plaintiff bears the burden of persuasion and must show that the plaintiff's action or demographic feature was a "but-for" cause of the defendant's adverse action.  *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 178, 129 S. Ct. 2343 (2009).

### 1.  Race and Color Discrimination Claims

#### a.    Law

To establish the first step of the *McDonnell Douglas* test, Cranfield must establish her prima facie case of race and color discrimination by showing (1) she is a member of a protected class, (2) she applied for and was qualified for the promotion that the defendant was offering, (3) she was rejected for the promotion despite her qualifications, and (4) other employees of similar

qualifications, who were not members of the protected class, were promoted as her promotion was denied. *Dews*, 231 F.3d at 1020-21. Should Cranfield demonstrate all four elements of her claim, Costco then must give a legitimate reason for denying her promotion in favor of another employee, who was not in a protected class. *McDonnell Douglas*, 411 U.S. at 802. If Costco can provide a non-discriminatory reason for its action, Cranfield then must show that Costco's reason was pretextual. *Id* at 804.

### b.    Analysis

For the purposes of its motion, Costco appears to concede the first three elements of Cranfield's prima facie racial discrimination claim. (ECF No. 25, PageID #618). Accordingly, for the purpose of summary judgement, the Court finds that Cranfield has demonstrated that 1) she is a member of a protected class; 2) she applied for and was qualified for the promotion to a refund cashier position; and 3) she was rejected for the promotion despite her qualifications.

Costco first asserts Cranfield cannot establish the last element of her prima facie claim because she cannot show that she was superiorly qualified over the chosen candidates or that there was other evidence of discrimination. (ECF No. 25, PageID #618-19). However, to survive summary judgment, Cranfield must simply establish that she was similarly qualified to the chosen candidate, not more qualified, and that the candidate was not a member of the same protected class.[4] *Hawkins v. Memphis Light Gas & Water*, 520 Fed. App'x 316, 318-19 (6th Cir. 2013) (citing *Dews*, 231 F.3d at 1020-21). Costco also argues that Cranfield was not similarly qualified as the individuals chosen for the refund cashier positions and thus, her claim fails. (ECF No. 25, PageID # 618-19). As discussed below, Cranfield offers evidence to show that she was similarly

---

[4] Although each of the chosen candidates were women, thus, members of a protected class, the issue here is one of race/color discrimination.

qualified as the chosen candidate for three of the four positions and therefore, establishes a prima facie case for discrimination for these three occasions where she was passed over for the refund cashier position.

Cranfield was similarly qualified as the chosen Caucasian candidate, Shauna Shields, for the May 2018 position. Both Ms. Shields and Cranfield worked in customer-facing roles and had experience with Costco cash registers. (ECF No. 25, PageID #612; ECF No. 31, PageID #651). Although Ms. Shields had seniority, she was unable to answer benchmark questions in the interview, while Cranfield answered them correctly. (ECF No. 25, PageID #612; ECF No. 31, PageID #650-51). As such, the Court finds that Cranfield has provided sufficient evidence to demonstrate a question of material fact as to whether she was similarly qualified for the position as the chosen candidate.

Likewise, Cranfield has provided evidence that she was similarly qualified as the chosen candidates, Nina Adams and Jennifer Boulis, for the August 2018 positions. By participating in the training boot camp, Cranfield gained experience in the Membership Department and the ability to sell memberships. (ECF No. 25, PageID #612; ECF No. 31, PageID #651). Conversely, Ms. Adams had no experience in that department though, like Cranfield, she had experience in customer-facing jobs and selling memberships. (ECF No. 25, PageID #613; ECF No. 31, PageID #653). Both Ms. Adams and Cranfield struggled in different parts of the interview, with Ms. Adams unable to fully answer some questions and Cranfield unable to successfully sell a membership in role play. (ECF No. 25, PageID #613; ECF No. 31, PageID #653). Additionally, Cranfield alleged discrimination on the basis of race and/or color. Here, Cranfield asserts discrimination based on color in that she is a dark-skinned African American who was passed over for Ms. Adams who is a similarly qualified, light-complected person of mixed race. *See Moore v.*

9

*Food Lion*, No. 306-0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007) ("color discrimination is distinct from race discrimination in that the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'") (quoting *Bryan v. Bell Atlantic Maryland, Inc*., 298 F.3d 124, 133 n. 5 (4th Cir. 2002)). Therefore, Cranfield has provided evidence to establish her prima facie case as to Costco's discriminatory hiring of Ms. Adams.

Additionally, Cranfield has demonstrated that she was similarly qualified as Ms. Boulis, who is Caucasian, for the other refund cashier position available in August 2018. (ECF No. 25, PageID #613; ECF No. 31, PageID #654). Originally, Costco asserted that Ms. Boulis had previous experience in the Membership Department, which would make her equally qualified as Cranfield. (ECF No. 25, PageID #613; ECF No. 31, PageID #655). However, Costco later stated that Ms. Boulis's prior experience was as a stocker, making her less qualified than Cranfield because she lacked the experience in the Membership Department that Cranfield possessed. (ECF No. 31, PageID #655). Again, Costco's decision to hire Ms. Boulis came down to the interview, where it stated Ms. Boulis interviewed better despite any evidence showing that Cranfield did not perform well at her interview. (ECF No. 31-1, PageID #711-13). Cranfield has proffered enough evidence to show that there is a question of material fact as to whether she was as qualified as Ms. Boulis for the refund cashier position.

However, the evidence demonstrates that Cranfield was not similarly qualified as the chosen candidate for the January 2018 refund cashier position. In January, Costco hired Amanda Brownfield, a Caucasian woman, to fill the position. (ECF No. 25, PageID #611; ECF No. 31, PageID #649). At the time of the interviews, Ms. Brownfield was already working in the

10

Membership Department, had experience as a cashier, and had sold upgraded memberships. (ECF No. 25, PageID #611; ECF No. 31, PageID #650). Cranfield did not possess any of these qualifications at the time of her interview. (ECF No. 25, PageID #611; ECF No. 31, PageID #650). Thus, although both Ms. Brownfield and Cranfield were unable to answer benchmark questions in the interview, the record demonstrates that Ms. Brownfield's qualifications surpassed those of Cranfield, and so Cranfield was not similarly qualified as the candidate chosen for the January 2018 position. (ECF No. 25, PageID #611; ECF No. 31, PageID #650).

In sum, Cranfield meets her burden for the first step of the burden-shifting analysis and establishes her prima facie racial discrimination claim related to the hirings in May 2018 and August 2018, where she was passed over for the promotions despite being similarly qualified as the chosen candidates, Ms. Shields, Ms. Adams and Ms. Boulis, who were not members of the protected class at issue. Because Cranfield failed to meet her prima facie case for the January 2018 hiring of Ms. Brownfield, no further analysis of this hiring is necessary.

The burden now shifts to Costco to offer legitimate, non-discriminatory reasons for choosing the other employees over Cranfield for the positions. *McDonnell Douglas,* 411 U.S. at 802-803. Costco justifies its promotion of Ms. Shields, Ms. Adams, and Ms. Boulis over Cranfield by citing such reasons as experience, tenure, superior knowledge, and a better interview, respectively. Choosing to "promote a more qualified candidate" is a legitimate non-discriminatory reason. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 815 (6th Cir. 2011). In her response to Costco's motion, Cranfield does not contest that these reasons given by Costco are legitimate and non-discriminatory. (ECF No. 31, PageID #659). Accordingly, Costco meets its burden at this stage of the *McDonnell Douglas* test.

11

Finally, the burden shifts back to Cranfield to demonstrate that the legitimate, non-discriminatory reasons for not promoting her were merely pretext. *McDonnell Douglas*, 411 U.S. at 804. Cranfield argues that Costco's reasons for not promoting her were pretextual as they were "insufficient to warrant" not selecting her for the positions. (ECF No. 31, PageID #659); *Dews*, 231 F.3d at 1021. Under this theory, a plaintiff can establish pretext by demonstrating that the selected candidates were not treated the same the plaintiff "even though they engaged in substantially identical conduct to that which the employer contends motivated" its treatment of the plaintiff. *Manzer*, 29 F.3d at 1084. In this case, there are several instances where Costco selected candidates for the refund cashier positions despite the candidates possessing or not possessing qualities that had previously barred Cranfield from being selected. In January 2018, Costco did not hire Cranfield to the refund cashier position because Cranfield did not correctly answer interview questions and lacked experience compared to the chosen applicant. (ECF No. 25, PageID #611; ECF No. 31, PageID #650). In May 2018, Cranfield possessed similar experience to the chosen candidate, Ms. Shields. (ECF No. 25, PageID #612; ECF No. 31, PageID #650-51). However, Cranfield was again denied the position despite correctly answering those same interview questions, while Ms. Shields was unable to do so. (ECF No. 25, PageID #612; ECF No. 31, PageID #650-51). Costco's explanation was that Ms. Shields had seniority over Cranfield. (ECF No. 25, PageID #612; ECF No. 31, PageID #650-51). In August 2018, one of the available refund cashier positions was awarded to Ms. Adams who lacked both experience in the Membership Department and tenure. (ECF No. 25, PageID #613; ECF No. 31, PageID #653). Conversely, Cranfield possessed both of these qualities and continued to correctly answer the benchmark interview questions. (ECF No. 25, PageID #613; ECF No. 31, PageID #653). Despite Ms. Adams's lack of experience and seniority, factors that had previously barred Cranfield from

the refund cashier position, Costco hired Ms. Adams over Cranfield for the alleged reason that Cranfield was unable to successfully sell a membership in role play during the interview. (ECF No. 25, PageID #613; ECF No. 31, PageID #653). Costco appears to have a pattern of awarding positions to employees who possess the same insufficient qualities that had previously prevented Cranfield from receiving the position. Thus, Cranfield has proffered enough evidence to raise a genuine issue of material fact as to whether the legitimate, non-discriminatory reasons for not promoting her were merely pretextual.

Accordingly, the Court grants Costco's motion for summary judgment on Cranfield's claim of race discrimination in relation to the January 2018 hiring and denies Costco's motion as it relates to the May 2018 and August 2018 hirings.

### 2. Failure to Accommodate Disability Claim

#### a. Law

To establish a prima facie case for failure to accommodate, the plaintiff must show that (1) she is disabled within the meaning of the ADA, (2) she qualifies for the position with or without the accommodation, (3) the defendant knew or had reason to know about the plaintiff's disability, (4) she requested an accommodation, and (5) the defendant failed to provide the necessary accommodation. *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1185 (6th Cir. 1996), *abrogated on other grounds, Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012); *see also* 42 U.S.C § 12111(8); *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018). Plaintiff bears the initial burden of proposing an accommodation and showing that accommodation is reasonable on its face. *Zaffino v. Metro. Gov't of Nashville et. al*, 688 F. App'x 356, 358 (6th Cir. 2017). If plaintiff carries that burden, it then shifts to the employer to show that

the proposed accommodation is unduly burdensome. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 203 (6th Cir. 2010).

### b.  Analysis

Cranfield contends that her anxiety, depression, and panic attacks qualify her as disabled under the meaning of the ADA and that she qualifies for her position in the bakery with or without the accommodation. (ECF No. 31, PageID #661). Further, Cranfield contends that Costco knew or had reason to know about her disability. (ECF No. 31, PageID #661). Additionally, Cranfield asserts that she requested an accommodation asking for Thursdays and Saturdays off to attend therapy sessions. (ECF No. 31, PageID #661). Costco does not contest these assertions for the purpose of its summary judgment motion. (ECF No. 25, PageID #620). Further, Costco admits that it did not approve Cranfield's requested accommodation. (ECF No 25, PageID #621-23). However, Costco asserts Cranfield's requested accommodation was unreasonable and that it properly engaged in the "interactive process" to determine an appropriate accommodation. (ECF No. 25, PageID #620). Costco maintains, therefore, that it was not required to provide Cranfield's requested accommodation. (ECF No. 25, PageID #620). Cranfield responds that her requested accommodation was reasonable, and Costco's denial of her request establishes her prima facie case.

### i.  Request for a Reasonable Accommodation

Reasonable accommodations include making existing facilities accessible and usable to individuals with disabilities, restructuring jobs, modifying work schedules, reassigning individuals to vacant positions, and other such actions. *Tubbs v. Formica Corp,* 107 Fed. App'x 485, 488 (6th Cir. 2004) (citing 42 U.S.C. § 12111(9)). On its face, Cranfield's request for Thursdays and

14

Saturdays off appears to be a reasonable accommodation request under the modifying work schedules category. *Id*.; *and see Davis v. Wayne Cnty. Cmty. Coll. Dist*., No. 19-CV-12488, 2020 WL 3605066, at *4 (E.D. Mich. July 2, 2020) (When a plaintiff's proposed accommodation is specifically listed in 42 USC § 12111(9)(B), such accommodation is reasonable on its face). Cranfield argues that she needed every Thursday and Saturday off to attend her therapy sessions and these were the only days her therapist was available to see her. Indeed, "[m]edical leave as an accommodation is not a novel concept." *See Cehrs v. Northeast Ohio Alzheimer's Center*, 155 F.3d 775, 782 (6th Cir. 1998).

Here, Costco argues that "[a]ccommodating Thursdays and Saturdays entirely off, particularly given the small size of the department and Cranfield's unwillingness to discuss scheduling options, was not a reasonable accommodation for Costco." (ECF No. 25 (citing *Tchankpa v. Ascena Retail Group, Inc*., 951 F.3d 805, 812 (6th Cir. 2020) ("An accommodation is likely unreasonable if it frustrates attendance or creates 'an unlimited ability to leave work'") (quoting *Banks v. Bosch Rexroth Corp*., 610 F. App'x 519, 528 (6th Cir. 2015)). Costco is entitled to summary judgment on this issue if no reasonable jury could ever find, on the basis of the undisputed facts, that Cranfield's requested accommodation was reasonable. The undisputed facts, with all inferences drawn in Cranfield's favor, support a jury finding of reasonableness. Cranfield felt she needed to meet with her therapist twice a week to assist her with her panic attacks, depression, stress and anxiety. Cranfield's therapist was only available on Wednesdays, Thursdays, and Saturdays, and her therapist did not want to meet with her two days in a row. Cranfield submitted a written request to her supervisor not to schedule her on Thursdays and Saturdays beginning the week of May 6th so that she could schedule her therapy appointments those days. Initially, Cranfield's request was granted; her supervisor posted a work schedule on

April 22nd that accommodated Cranfield's request for the week of May 6th. Drawing all reasonable inferences in favor of Cranfield, the suggested accommodation that she regularly be scheduled off on Thursdays and Saturdays was reasonable.

### ii.    Failure to Provide Necessary Accommodation

Costco does not contest that it did not provide the accommodation requested by Cranfield. Rather, Costco argues that it was not required to give Cranfield the accommodation she requested, that it had the authority to determine a reasonable alternative accommodation, and that it properly engaged in the required interactive process to determine the appropriate accommodation. (*See* ECF No. 25 at 18 (citing *McDonald v. UAW-GM Ctr. for Hum. Res.*, 738 F. Appx 848, 854 (6th Cir. 2018); *Jakubowski*, 627 F.3d at 203; *Gearhart v. E. I. Du Pont de Nemours and Co.*, 833 Fed. App'x 416, 426 (6th Cir. 2020)).[5] The Court agrees that Costco was not required to provide Cranfield's requested accommodation, but it was required to provide the necessary accommodation, which appears to be an accommodation that would allow her to attend therapy two times a week. *McDonald*, 738 Fed. App'x at 854.

Indeed, "'once the employee requests an accommodation, the employer has a duty to engage in an interactive process to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.'" *McDonald*, 738 F. App'x at 854 (6th Cir. 2018) (quoting *Mosby-Meachem*, 883 F.3d at 605 (internal quotation marks and citations omitted); citing 29 C.F.R. § 1630.2(o)(3) ("To determine the appropriate reasonable accommodation [for a given employee,] it may be necessary for the [employer] to initiate an

---

[5] Cranfield does not assert an independent violation of the ADA for an alleged failure to engage in the interactive process. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1045 (6th Cir. 2014). Accordingly, the Court interprets Costco's argument as a challenge to whether Cranfield can demonstrate that Costco failed to provide a necessary accommodation.

informal, interactive process with the [employee].")). "But, '[i]mportantly, an employee cannot force her employer to provide a specific accommodation if the employer offers another reasonable accommodation.' " *Id.* (quoting *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1108 (6th Cir. 2008)). "'[T]he employer providing the accommodation has the ultimate discretion to choose between effective accommodations, and may choose the less expensive accommodation or the accommodation that is easier for it to provide.'" *Id.* (quoting *Hankins v. The Gap, Inc.*, 84 F.3d 797, 800 (6th Cir. 1996) (quoting 29 C.F.R. Pt. 1630, App. § 1630.9); citing *Smith v. Honda of Am. Mfg., Inc.*, 101 F. App'x 20, 25 (6th Cir. 2004) ("Where there is more than one reasonable accommodation, the choice of accommodation is the employer's.")). Both the employer and the employee must participate in the interactive process in good faith. *Jakubowski*, 627 F.3d at 202 (citing *Kleiber*, 485 F.3d at 868-69). Although the defendant is not required to propose a counter accommodation as part of this interactive process, it can be considered a sign of good faith to do so. *Id.* at 203. A party may fail to participate in the process when they do not adequately communicate or provide information, cause unnecessary delays, or obstruct the process. *Brumley*, 909 F.3d at 840 (citing *Kleiber*, 485 F.3d at 871) (additional citations omitted).

In this case, there is a genuine dispute of material fact as to whether Costco failed to provide the necessary accommodation. When viewing the evidence in the light most favorable to Cranfield, the evidence shows that Costco unilaterally decided to rescind its grant of Cranfield's request for Thursdays and Saturdays off in favor of honoring Cranfield's prior request for days off on Mother's Day weekend in 2019. (ECF No. 25, PageID #615-16; ECF No. 31, PageID #661). Costco explains that while it initially tried to accommodate Cranfield's schedule request to have May 9th and May 11th off, it later realized that it would not have sufficient coverage in the department for the remainder of the week, thus requiring the schedule to be further modified.

Cranfield's previously requested off days for Mother's Day weekend were not to accommodate her disability; so in denying her Thursday/Saturday request and honoring her prior request for days off, Costco appears to have denied Cranfield's accommodation request in lieu of granting a personal time off request. (ECF No. 25, PageID #615-16; ECF No. 31, PageID #661).

Although Costco was not required to present Cranfield with an alternative accommodation, the interactive process still requires Costco to engage in a "meaningful dialogue with the employee to find the best means of accommodating [the] disability." *Brumley*, 909 F.3d at 840 (quoting *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009); *see also Kleiber*, 485 F.3d at 872. Costco claims to have participated in the process by offering alternative accommodations such as scheduling Cranfield around her appointments, switching Cranfield's shifts with other employees, and using Cranfield's FMLA leave. (ECF No. 25, PageID #614). However, Cranfield claims that she was never given these options. (ECF No. 24-1, PageID #182). Although proposing a counter accommodation can be a sign of good faith on the part of the employer, whether Costco actually offered an alternative to Cranfield is a question of fact. *Jakubowski*, 627 F.3d at 202. Taking the facts in the light most favorable to Cranfield, Costco unilaterally rescinded her ability to take Thursdays and Saturdays off to go to therapy and did not discuss any alternative accommodations. (ECF No. 25, PageID #614-16; ECF No. 31, PageID #661; ECF No. 24-1, PageID #182). Thus, a genuine question of material fact remains as to whether Costco failed to provide the necessary accommodation.

Accordingly, Cranfield has met her burden to demonstrate her prima facie case for failure to accommodate.

### ii.     Undue Burden

Cranfield met her initial burden to show that Costco failed to provide the necessary accommodation under step five of her prima facie case, shifting the burden to Costco to prove that the accommodation would amount to an undue burden. *Keith v. Cnty. of Oakland*, 703 F.3d 918, 923 (6th Cir. 2013); *Monette*, 90 F.3d at 1186. *Kleiber*, 485 F.3d at 871. Costco has failed to meet this burden. The only semblance of an undue hardship argument comes from one sentence in Costco's brief in support of its motion, where it states, "[a]ccommodating Thursdays and Saturdays entirely off, particularly given the small size of the department and Cranfield's unwillingness to discuss scheduling options, was not a reasonable accommodation." (ECF No. 25, PageID #621). This sentence does not come close to meeting Costco's burden as it does not even attempt to address the factors used in evaluating an undue hardship. *Cleveland v. Fed. Express Corp*., 83 Fed. App'x 74, 80 (6th Cir. 2003) (holding that defendant did not meet its burden in establishing undue hardship because it did not address all four factors that are used in evaluating undue hardship arguments). Accordingly, Costco fails to establish undue burden at the summary judgment stage.

### iii.     Conclusion

Because questions of fact remain as to whether Cranfield's requested accommodation was reasonable and whether Costco failed to provide the necessary accommodation, summary judgment is improper. Accordingly, the Court denies Costco's motion for summary judgment on Cranfield's failure to accommodate claim.

## 3.  Retaliation Claim

### a.  Law

19

To establish a retaliation claim under 42 U.S.C § 2000e-3(a) and 42 U.S.C § 12203(a), the plaintiff must show (1) she engaged in activity protected under the ADA, (2) the defendant knew of this activity, (3) the defendant took adverse action against the plaintiff, and (4) there was a causal connection between the adverse action and the protected activity. *Rorrer*, 743 F.3d at 1046. Temporal proximity alone is not enough to establish a causal connection. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 494 (6th Cir. 2010). However, temporal proximity in conjunction with evidence of other retaliatory conduct can show a causal connection when the plaintiff can show he was treated different than other employees. *Id.; Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000). An example of other retaliatory conduct would be if the employer had treated the employee different from other employees after the protected activity occurred. *Moore v. Kuka Welding Sys.*, 171 F.3d 1073, 1080 (6th Cir. 1999).

### b.  Analysis

In this case, Cranfield does not allege any direct evidence of retaliation by Costco, so the *McDonnell Douglas* burden-shifting approach applies. *McDonnell Douglas*, 411 U.S. at 802. Cranfield must first establish her prima facie case. *Id*. Cranfield contends, and Costco does not contest, that filing a charge with the EEOC is a protected activity and that Costco knew of this activity. (ECF No. 25, PageID #624; ECF No. 31, PageID #663). Cranfield alleges that after the filing of the EEOC charge, Costco retaliated against her by counseling/coaching her in her performance. (ECF No. 25, PageID #624-25; ECF No. 31, PageID #663). Additionally, Cranfield cites Costco's restriction of her to the bakery and its failure to promote her to the Membership Department as other retaliatory events. (ECF No. 25, PageID #624-25; ECF No. 31, PageID #663). Costco argues that it did not take any adverse actions against Cranfield. (ECF No. 25, PageID

20

#624). Further, it argues that even if its actions are adverse, Cranfield still cannot establish a causal connection between the adverse action and the protected activity. (ECF No. 25, PageID #624).

The Court agrees that Cranfield failed to establish that Costco's actions were adverse or that a causal connection exists between any adverse action and the protected activity. Under the third element of a retaliation claim, the action taken by the employer must be materially adverse to the employee, so much so as to deter a "reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006). However, this definition does not include petty slights and mild annoyances that often occur in the workplace and that all employees experience. *Id*.

In support of her claim, Cranfield alleges that she received "coachings" that amounted to adverse employment actions.[6] On July 12, 2019, Costco issued a coaching to Cranfield addressing her discussions with her coworkers about their schedules. (ECF No. 25, PageID #625; ECF No. 31, PageID #664). On July 15, 2019, Costco issued another coaching to Cranfield regarding schedule requests. (ECF No. 25, PageID #625; ECF No. 31, PageID #665). In December 2019, Cranfield received a coaching after an employee complained that Cranfield harassed her. (ECF No. 25, PageID #625; ECF No. 31, PageID #663). In May 2020 and June 2020, Cranfield received coachings regarding her decreased performance in the bakery. (ECF No. 25, PageID #625; ECF No. 31, PageID #663).

None of these instances can be considered materially adverse because they did not result in demotions, disadvantageous transfers, refusals to promote, unwarranted negative performance

---

[6]Although the parties do not define what a "coaching" is, based upon the briefs, the Court understands coachings to be meetings and written reports issued by a manager addressing workplace behavior and activity, such as lack of productivity. Coachings also address positive job performance. (ECF No. 24-1, PageID #191, 206).

reviews, or any other change in the terms and conditions of employment. *Roman v. Potter*, No. 06-1941 (ADC), 2009 U.S. Dist. LEXIS 127011, at *21-22 (D.P.R. Mar. 9, 2009), *aff'd* 604 F.3d 34 (1st Cir. 2010) (granting defendant's motion for summary judgment because the plaintiff failed to demonstrate that the defendant threatened, demoted, suspended, or took any action that altered or adversely affected the terms and conditions of the plaintiff's employment). Here, Cranfield continued to work in her same position in the bakery and there is no evidence that she suffered a demotion, decrease in pay, disciplinary action, transfer to an undesirable position, or any other action that negatively affected her employment. Further, the July 15, 2019 coaching regarding scheduling requests went to all employees at that store and at least one of the coachings was removed from her file within 30 days, so there was no permanent record that could affect her employment. (ECF No. 25, PageID #625; ECF No. 24-1, PageID #224, 226); *Keeton v. Flying J, Inc.*, 429 F.3d 259, 263 (6th Cir. 2000) (explaining that the timely reversal of what otherwise would be an adverse employment action renders the action benign); *Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987) (holding, in a case where an employee was reassigned to a lower position for months, that a temporary employment action that does not reduce pay or benefits is not adverse).

Additionally, Cranfield failed to offer any evidence that suggested a reasonable person would be dissuaded from making or supporting charges of discrimination as a result of receiving the coachings. *Burlington Northern*, 548 U.S. at 60; *Washington v. Ill. Dep't of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005). The evidence shows that Cranfield herself was not dissuaded from continuing to make complaints through Costco's open-door policy or from filing charges with the EEOC, as she filed a second charge against Defendant in 2019 and utilized the open-door policy after receiving the coachings. (ECF No. 25, PageID #627, ECF No. 31-1, PageID #882-83; ECF

No. 24-1, PageID #164). Accordingly, this Court finds that the coachings Costco issued to Cranfield between July 2019 and June 2020 were not materially adverse employment actions; thus, Cranfield has not met her burden to demonstrate her prima facie case for retaliation.

However, even if Cranfield could establish that these coachings were materially adverse, she still would not be able demonstrate her prima facie case because they were not causally connected to her protected activities. *Rorrer*, 743 F.3d at 1046. Cranfield argues that the coachings and other alleged retaliatory events all happened after she filed the first EEOC charge. (ECF No. 31, PageID #663). Although the protected activity and the adverse action may be close in time, it is not enough to establish a causal connection. *Spengler*, 615 F.3d at 494. In addition to temporal proximity, Cranfield must also show that she was treated differently from other employees. *Moore*, 171 F.3d at 1080. Cranfield has offered no evidence to suggest this. Conversely, Costco offers evidence demonstrating that on at least one occasion it treated Cranfield the same as other employees because that July 15, 2019 coaching was sent to the entire staff and did not specifically target Cranfield. (ECF No. 25, PageID #625; ECF No. 24-1, PageID #224, 226).

Cranfield also argues that Costco's failure to promote her to the Membership Department was a retaliatory action. (ECF No. 31, PageID #666). Failure to promote has been considered a materially adverse employment action. *Nguyen*, 229 F.3d at 562. However, Cranfield's claim fails because she cannot demonstrate that there is a causal connection between Costco's failure to promote her and Cranfield's protected activity since she was denied each promotion prior to ever filing a charge with the EEOC. Cranfield's failures to promote occurred in January, May, and August of 2018 and she offered no evidence to show she was denied a promotion after filing her first EEOC claim. (ECF No. 25, PageID #611-613; ECF No. 31, PageID #649-655). She filed her

first EEOC claim in October of 2018. (ECF No. 24-24. PageID #561). Accordingly, there is no causal connection between the failure to promote and Cranfield's filing of the EEOC charge.

Consequently, Cranfield fails to demonstrate that the alleged retaliatory events were materially adverse because she offers no evidence that those events resulted in demotions, disadvantageous transfers, refusals to promote, unwarranted negative performance reviews, or any other change in the terms and conditions of employment. *Roman,* 2009 U.S. Dist. LEXIS 127011, at *23 (granting defendant's motion for summary judgment because the plaintiff failed to demonstrate that the defendant threatened, demoted, suspended, or took any action that altered or adversely affected the terms and conditions of the plaintiff's employment). Here, Cranfield continued to work in her same position in the bakery and there is no evidence that she suffered a demotion, decrease in pay, disciplinary action, transfer to an undesirable position, or any other action that negatively affected her current employment.

Therefore, because Cranfield cannot establish her prima facie case, there is no need to continue evaluating the claim under the burden-shifting analysis. As to Cranfield's retaliation claim, the Court grants Costco's motion for summary judgment.

## V. Conclusion

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Costco's motion for summary judgment. Specifically, the Court GRANTS Costco's motion for summary judgment on Cranfield's retaliation claims brought pursuant to 42 U.S.C § 2000e-3(a) and 42 U.S.C § 12203(a). The Court GRANTS Costco's motion for summary judgment on Cranfield's race discrimination claim pertaining to the January 2018 failure to promote claim and DENIES summary judgment on Cranfield's race and color discrimination claims as they pertain to the May 2018 and August 2018

hirings of Shauna Shields, Nina Adams, and Jennifer Boulis. Finally, the Court DENIES Costco's motion for summary judgment on Cranfield's failure to accommodate claim brought pursuant to 42 U.S.C. § 12101 and Ohio Rev. Code §§ 4112.02 and 4112.99.

IT IS SO ORDERED.

Dated: August 10, 2022

_s/ Carmen E. Henderson_
Carmen E. Henderson
United States Magistrate Judge