# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIANA CRANFIELD, | |
| Plaintiff, | Case No. 5:20-cv-02565 |
| v. | Magistrate Judge: Carmen E. Henderson |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

## COSTCO'S MOTION FOR SANCTIONS FOR FAILURE TO DISCLOSE RESPONSIVE DOCUMENTS DURING WRITTEN DISCOVERY

Defendant Costco Wholesale Corporation ("Costco"), by and through its attorneys, moves this Court to impose sanctions upon Plaintiff Diana Cranfield ("Plaintiff") in the form of dismissal of Plaintiff's claims or a default judgment in Costco's favor, for her failure to provide documents sought in Costco's discovery requests. Specifically, through two separate sets of requests for production, Costco asked Plaintiff to share any social media postings related to her employment with Costco and/or to the allegations contained in the Amended Complaint, as well as documents related to all sources of income for Plaintiff from January 2018 to present. Costco also asked Plaintiff to produce any and all communications (including text messages and Facebook messages) with anyone regarding the claims in her lawsuit.

As is typical, Costco also requested Plaintiff to affirm, through two separate sets of interrogatory requests, that no documents had been destroyed or deleted. In response to these requests, Plaintiff produced no social media postings, no documentation regarding her employment with other companies during the relevant timeframe, and no private Facebook messages. Plaintiff also affirmed, twice, that she had not destroyed or deleted responsive documents.

To Costco's surprise, in preparing for this trial, Costco discovered a number of social media postings that both discuss her employment with Costco generally, and the allegations within her Amended Complaint. None of these posts have been produced by Plaintiff.[1] Costco also discovered a number of postings on Plaintiff's Facebook that appear to have been "hidden" under a separate privacy setting, or deleted entirely, raising serious concerns regarding potential destruction of relevant evidence. Moreover, Costco has identified at least one public comment to one of Plaintiff's posts regarding the claims in this lawsuit that indicates Plaintiff messaged that individual privately regarding the content of the post.

Similarly, Plaintiff has failed to produce any documents evidencing income earned from other employers despite Costco requesting such information. More egregiously, Plaintiff testified to such income during her deposition, and counsel for Costco again specifically renewed its request on the record for such documents. Still, Plaintiff provided nothing.

As discussed below, Ms. Cranfield intentionally withheld responsive posts and messages under the auspice of such documents either not existing at all, or being "confidential," despite their clear relevance and a confidentiality order being entered in this matter. *See* ECF No. 16. Similarly, Plaintiff has withheld information regarding income and employment at DoorDash and Autozone which she started in approximately April of 2019, the exact time period relevant to her accommodation claim.

To the extent Plaintiff will argue that she did not need to produce the posts themselves because she shared her Facebook URL with Costco—that does not get her there. Plaintiff has an obligation to conduct a reasonable search for responsive documents. Every party does—that is Discovery 101. It is not Costco's job to do that for her, especially where, as here, many social

---

[1] Costco has also found at least one comment to a relevant post that indicates Plaintiff sent a private message to that individual to elaborate on the post further, which certainly should have been produced as well.

- 2 -

88920240v.1

media accounts are private. Indeed, it appears Costco cannot even see the majority of her posts, either due to destruction or privacy settings, and it certainly does not alleviate Costco's concerns regarding her private messages to Facebook friends about her lawsuit, which Costco also does not have, but now knows exist. This privacy concern is further evidenced by Plaintiff merely sharing the name of her Instagram profile, which Costco cannot access **at all** because it is a private account. Those privacy settings in conjunction with the unproduced posts attached hereto begs the question—*what else is Plaintiff hiding*?[2] (*See* Lutkus Dec. at Exhibit B).

In light of Plaintiff's intentional concealment of responsive documents, Costco respectfully seeks dismissal of Plaintiff's claims or a default judgment in Costco's favor. Such a sanction is warranted as discovery has closed, trial has commenced and Ms. Cranfield's intentional concealment evidences a willful intent to conceal evidence relevant to her claims. In the alternative, Costco seeks a jury instruction informing the jurors that, due to Ms. Cranfield's failure to produce these social media postings and employment documents, they can infer that such documents would be unfavorable to her. To the extent it is discovered that Plaintiff intentionally destroyed evidence, Costco requests a specific instruction to the jury as to that conduct as well.

## **Background**

Ms. Cranfield filed suit against Costco asserting that the Company subjected her to discrimination on the basis of her race (African American), color (dark-complected) and disability (anxiety and depression), and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, Section 1981, the Americans with Disabilities Act, and the Ohio Civil Rights

---

[2] In support of its motion, Costco has included the Declaration of Richard K. Lutkus for the purpose of authenticating Ms. Cranfield's social media activity. (*See* Exhibit B, Declaration of Richard K. Lutkus ("Lutkus Dec.").)

Act. According to Plaintiff, Costco failed to select her for four Refund Cashier openings—once in January 2018, once in May 2018, and twice in August 2018—on the basis of her race and/or color. Plaintiff also alleged that Costco failed to accommodate her disability (anxiety and depression) by refusing to grant her request for a set schedule with every Thursday and Saturday off. Furthermore, Plaintiff claimed she was retaliated against for filing internal and external complaints. This Court granted in part Costco's Motion for Summary Judgment, thereby dismissing Plaintiff's retaliation claim, as well as her race discrimination claim with respect to the January 2018 position.

The parties conducted extensive discovery in this matter, including both Plaintiff and Costco serving written discovery requests upon the opposing party. Most importantly for the present motion, Costco made the following Requests for Production of Documents:

> Request for Production No. 2 in Costco's First Set of Requests: "**all . . . social media postings . . . kept manually or stored electronically by [Plaintiff] since starting [her] employment with Costco through the present that relate to [her] employment with Costco or to any of the allegations in the Complaint**." Plaintiff failed to produce any of the documents in Exhibit A and noted in her objection that she deemed certain documents "confidential." (*See* Exhibit A at p. 5.)

> Request for Production No. 6 in Costco's First Set of Requests: "**all …. text messages … social media postings … that memorialize, reflect, refer, or relate to communications by or between you … and your friends and family . . . [or] any current or former employees of Costco . . . regarding the allegations contained in the Complaint**." Plaintiff failed to produce any of the documents in Exhibit A. (*See* Exhibit A at pp. 7-8.)

> Request for Production No. 8 in Costco's First set of Requests: **"all documents that… reflect or show income and/ or compensation ….. between January 2018 to present.** Plaintiff failed to produce any documents regarding her employment with DoorDash or Autozone despite testifying to such employment in her deposition and indicated that she deemed certain documents confidential. (*See* Exhibit A at p. 9.)

> Request for Production No. 2 in Costco's Second Set of Requests: "**all . . . social media postings . . . kept manually or stored electronically by [Plaintiff] since starting [her] employment with Costco through the present that relate to [her] allegations of disability discrimination or retaliation as set forth in the Amended Complaint**."

Plaintiff represented that she had no documents responsive to this request. (*See* Exhibit A at p. 18.)

Request for Production No. 7 in Costco's Second Set of Requests: "**all . . . text messages, social media postings . . . that memorialize, reflect, refer, or relate to communications by or between you . . . and your friends and family . . . [or] any current or former employees of Costco . . . regarding the allegations contained in the Amended Complaint**." Plaintiff represented that there were no documents between friends and family, and that she had produced documents regarding current or former employees of Costco. (*See* Exhibit A at p. 20.)

Request No. 8 in Costco's First Set of Interrogatories and Request No. 5 in Costco's Second Set of Interrogatories: "**to the extent any document responsive to [Costco's Requests for Production] ha[ve] been destroyed or [are] otherwise no longer available, identify the document . . the reasons for the destruction or unavailability of the document . . . and all documents referring or relating to the document in question."** Plaintiff responded "not applicable" and "none." (*See* Exhibit A at pp. 29, 38-39.)

Upon further investigation, and in preparation for trial, Costco discovered: (1) even the public portions of Plaintiff's Facebook profile demonstrate that she was posting extensively about her claims in the lawsuit; and (2) Plaintiff was communicating via text message with at least one Facebook friend regarding her lawsuit. There also appear to be numerous posts that have either been deleted or are hidden from public view, which were posted on key dates in this lawsuit, and which Costco is concerned were either withheld and hidden through privacy settings, and/or which were deleted or destroyed.

Similarly, and as noted above, Costco specifically requested all documents related to or reflecting other sources of income for Ms. Cranfield from January 2018 to present. During her deposition, Ms. Cranfield testified that she began working for DoorDash in Spring of 2019 and for Autozone in Bedford, Ohio in April/May of 2019. (*See* Cranfield Deposition Transcript Excerpts, pp. 26-29, attached hereto as Exhibit C.) Despite this information, Plaintiff produced no information regarding income earned from these employers in response to Request No. 6 of

Costco's First Set of Requests. Further, even after counsel for Costco renewed the request on the record during Ms. Cranfield's deposition, she still produced nothing. (*See* Exhibit C, pp. 30-31.)

## Argument

**I.      Dismissal of Plaintiff's Claims Is Warranted As A Sanction For Her Willful Concealment Of Relevant Information And Documents In Discovery.**

If a party fails to comply with a discovery order, a court may impose various sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; . . . dismissing the action or proceeding in whole or in part; [or] rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The district court has broad discretion in imposing a sanction that is proportionate to the discovery violations committed by a party. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

While dismissal is a stern sanction to impose upon a plaintiff, it is available under certain circumstances because it "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 646 (1976)). "Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault,' *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988) (citations omitted), so, too, is entry of default judgment." *Bank One of Cleveland*, 916 F.2d at 1073.

"[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Bass*, 71 F.3d at 241. The Sixth

Circuit has identified the following factors to be considered by a court in determining whether to dismiss an action under Rule 37: "(1) 'whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;' (2) 'whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;' (3) 'whether the dismissed party was warned that failure to cooperate could lead to dismissal;' and (4) 'whether less drastic sanctions were imposed or considered before dismissal was ordered.'" *Id.*

    **A.**    **Plaintiff's Discovery Responses Demonstrate That Her Failure To Produce Responsive Information Was Willful And In Bad Faith.**

In this case, Ms. Cranfield has willfully withheld relevant information under the grounds that no such documents exist and on the basis of bad faith statements that she deemed such documents irrelevant and confidential. (*See* Exhibit A at pp. 5, 18.) Plaintiff provided deceptive responses not once, but twice. Once in response to Costco's first set of discovery, and once in response to the second. *Id*. Certainly, these posts are relevant:







There are many key dates in this case, two of which are: August 31, 2018 (when Plaintiff was not selected for the August 2018 Refund Cashier position) and December 13, 2019 (when Plaintiff received a coaching that she later alleged was retaliatory). To be clear, this is not just one, two, or even three postings. Plaintiff posted dozens of times about her claims on dates that are relevant to this litigation, including at least three times on the date of the cause determination (April 2, 2020). (*See* Declaration Exhibit A at pp. 13-15.)

A repeated failure to comply with discovery requests is evidence of willfulness. *Dickey v. Chagrin Tavern LLC*, 2022 WL 597260, *3 (N.D. Ohio Feb. 28, 2022) (finding that a willfulness warranting dismissal as a sanction is demonstrated by a party's repeated refusal to comply with

discovery). These posts are clearly relevant to the claims in her lawsuit. They also clearly do not help her case. Rather, these documents call into question Plaintiff's credibility and motives for bringing the lawsuit, which are always at issue. *Blackmon v. Eaton Corp.*, No. 16-5266, 2017 WL 8159215, at *4 (6th Cir. Oct. 18, 2017) (stating "the credibility of a witness is always relevant"). This court can, and should, infer that Plaintiff's failure to disclose and produce this information was due to her understanding that these posts would not serve as helpful evidence to her case. Indeed, Costco submitted its first set of discovery requests on March 15, 2021, and Plaintiff stopped posting about Costco and her ongoing lawsuit thereafter.[3] As Declaration Exhibit A demonstrates, this is a sharp contrast to both the type and number of posts she made prior to that Request. If Plaintiff did not think these posts were relevant, why did she stop posting?

In the case of her failure to produce documents regarding her income earned through DoorDash or Autozone—Costco had to request that information both in writing through its written discovery requests on March 15, 2021, and then again orally on December 16, 2021 at her deposition. Despite those repeated requests, Costco still received nothing. Indeed, Ms. Cranfield's complete failure to produce any documents related to income earned through DoorDash or Autozone is yet another blatant violation of her discovery obligations and further evidence of her willful intent to prejudice Costco.

    **B.**    **Plaintiff's Intentional Withholding of Relevant Documentation Has Caused Costco to Suffer Prejudice.**

---

[3] Further evidence for this inference is found in Plaintiff's therapy records which are Defense Exhibit 1009. On May 1, 2021, Ms. Cranfield's therapy notes reflect that she was releasing all of her records as part of discovery related to this lawsuit. *See* Deft. Ex. 1009-52. During a subsequent appointment on May 24, 2021, Ms. Cranfield's therapist noted that she informed Ms. Cranfield: (1) "that releasing all records can be potentially harmful" and (2) that Ms. Cranfield stated that "she doesn't think she actually wants all of her records from therapy released to her employer" and "she wants to figure out how to redact her initial release she signed giving permission to [her] employer to request any/all records." *See* Deft. Ex. 1009-59.

As the Northern District has acknowledged, the prejudice to Costco is demonstrated by the very fact of this motion and the fact that Costco has had to devote valuable trial preparation time to this topic in an attempt to identify and obtain relevant information that should have been produced by Ms. Cranfield over a year ago. See *Dickey*, 2022 WL 597260 at *3 (stating that the second factor "is satisfied if the failure to provide discovery deprives the opposing party of information critical to their case" and the party is "forced to expend significant time and resources addressing the discovery abuses"); *Cart v. Inv. Retrievers, Inc.*, 1:14-CV-1270, 2015 WL 13729639, at *12 (N.D. Ohio Oct. 1, 2015) (prejudice occurs when discovery violations impair a parties ability to prepare their case). As noted in *Dickey* and *Cart*, Ms. Cranfield's failure to produce her social media posts and text messages has forced Costco to divert significant time and resources into obtaining what documents it can in order to properly prepare its defense. Moreover, Costco has no way of knowing or trusting whether the posts identified in Declaration Exhibit A, which are either private or were deleted, related to this case. (*See* Declaration Exhibit A at pp. 29-61.) Indeed, many of those posts occur on relevant dates to this litigation, and therefore, are highly likely to contain relevant information responsive to Costco's discovery requests. At this late stage—*i.e.* <u>on the eve of trial</u>—Plaintiff will not be able to remedy that prejudice.

Similarly, Ms. Cranfield's complete failure to provide any information regarding income she earned from DoorDash or Autozone has prevented Costco from fully preparing its defense to her claims, including those related to damages and through impeachment evidence regarding the timing of her request for a set schedule to attend therapy. Notably, because this employment coincides directly with her April 2019 accommodation request for Thursdays and Saturdays off,

- 11 -
88920240v.1

Costco has concerns Plaintiff was using that request not to attend therapy, but to work at alternative places of employment (which is a violation of Costco policy).

For these reasons, Costco has been irreconcilably prejudiced, and dismissal is proper.

**C.      Dismissal Is Warranted Despite Plaintiff Not Previously Being Advised.**

Dismissal of Ms. Cranfield's claims is warranted despite Ms. Cranfield not being previously warned that dismissal was a possible consequence of her discovery violations. In *Laukus v. Rio Brands, Inc.,* the Northern District of Ohio acknowledged that no single factor in the analysis is dispositive and that a lack of a previous warning would not prevent the Court from dismissing the matter as a sanction when the discovery violation was not discovered until well after the close of discovery and mere weeks before trial. 292 F.RD. 485, 511-12 (N.D. Ohio 2013) (granting dismissal as a sanction for a plaintiff's non-compliance discovery). The court further noted that it did not "believe it necessary to warn a party that offering … evasive discovery responses, or the concealment of highly relevant discovery, might compromise one's ability to litigate in federal court." *Id.* at 512.

Here, dismissal is warranted despite a lack of an explicit order putting Ms. Cranfield on notice that her evasive discovery responses and failure to produce relevant documentation could result in dismissal. Costco was not aware of the deficiency in Ms. Cranfield's social media production until November 2, 2022. With less than 10 days until trial Costco was forced to spend time and resources investigating and attempting to remedy the deficiency. Moreover, Ms. Cranfield has at all times been in full control. Accordingly, dismissal is warranted in this case.

**D.      Less Severe Sanctions Would Not Remedy The Prejudice To Costco.**

While this Court is obligated to consider sanctions less severe than dismissal, it need not elect lesser workable sanctions when dismissal is warranted given the severity of the discovery

- 12 -
88920240v.1

violations. *Laukus,* 292 F.R.D. 485 at 512. *See also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 369 (6th Cir. 1997) (finding that the district court did not abuse its discretion in ordering a dismissal sanction without an explicit consideration of lesser sanctions). In *Laukus,* the court rejected less severe sanctions for a number of reasons. First it found that any sanction which brought the parties to the place each would have occupied had the offending party complied with discovery requests was inadequate because it in no way sanctioned the offending party for their conduct and would encourage other litigants to engage in the same tactics with the only consequence being that they must produce the relevant documents or admit a fact that such documents would have proven. *Id.* at 513. The court also rejected other sanctions such as the reopening of discovery, as they would not remedy the costs and prejudice to the defendant caused by the plaintiff's discovery violations. *Id.* The *Laukus* court also noted that such lesser sanctions could not remedy the defendants justifiable skepticism as to all of the discovery completed in the case. *Id.*

As was the case in *Laukas*, a lesser sanction would not remedy the harm caused to Costco by Ms. Cranfield's willful failure to comply with discovery requests. Because Ms. Cranfield initially responded that no such social media posts existed, Costco has grounds to question the veracity of all of her discovery responses. That cannot be remedied by a sanction short of dismissal. A remedy ordering further discovery would require Costco to expend further time and resources to obtain discovery that should have been provided over a year ago and in no way would punish Ms. Cranfield or deter other litigants from such conduct. Further, while Costco seeks an adverse inference instruction in the alternative, that too would not fully remedy the issue. This is not the case where facts can be deemed admitted for Ms. Cranfield's failure to produce. Her failure to produce social media posts appears to have been deliberate and calls in to

88920240v.1

question all of her discovery responses. More significantly, her failure produce Autozone and DoorDash income records has deprived Costco of the opportunity to: (1) evaluate damages and (2) evaluate whether there were any other possible reasons that Ms. Cranfield needed a set schedule at Costco. For those reasons, dismissal of Ms. Cranfield's claims is warranted pursuant to Rule 37(d).

## **Conclusion**

For the foregoing reasons, Costco respectfully requests that the Court enter an Order dismissing Plaintiff's claims or issuing a default judgment in Costco's favor. Alternatively, should the Court not find dismissal or default judgment to be warranted, Costco seeks a jury instruction stating that, because Plaintiff failed to produce responsive social media records and income records the jurors can infer that these documents would be unfavorable to Plaintiff.

DATED: November 15, 2022

Respectfully submitted,

COSTCO WHOLESALE CORPORATION


By: /s/ *Erin Dougherty Foley*
    One of Its Attorneys

Erin Dougherty Foley *(admitted in the ND Ohio)*
Kyla J. Miller *(Pro Hac Vice)*
Michael J. Cederoth *(Pro Hac Vice)*
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a copy of the foregoing Costco's Motion for Sanctions for Failure to Disclose Responsive Documents during Written Discovery to be served upon the following via the ECF on this 15th of November, 2022:

> David W. Neel (0033611)
> David W. Neel, LLC
> 13800 Shaker Blvd., Suite 102
> Cleveland, Ohio 44120
> Telephone: (216) 522-0011
> Telecopier: (844) 548-3570
> dwneel@neellaw.com

*/s/ Erin Dougherty Foley*