# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DIANA CRANFIELD,

               Plaintiff,

    v.

COSTCO WHOLESALE CORPORATION,

               Defendant.

Case No. 5:20-cv-02565

Magistrate Judge: Carmen E. Henderson

## COSTCO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A DIRECTED VERDICT

DATED:  November 17 2022

Respectfully submitted,

COSTCO WHOLESALE CORPORATION


By: /s/ *Erin Dougherty Foley* _____
    One of Its Attorneys


Erin Dougherty Foley *(admitted in the ND Ohio)*
Kyla J. Miller (*Pro Hac Vice*)
Michael J. Cederoth *(Pro Hac Vice)*
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................ 1

STANDARD OF REVIEW .............................................................................. 3

ARGUMENT .................................................................................................... 3

I.    Costco Is Entitled To A Directed Verdict On Cranfield's Claims That It Failed To Promote Her To Three Membership/Marketing Positions In May and August of 2018................................................................................................................ 3

    A.    Ms. Cranfield Has Failed To Present Evidence Supporting A Prima Facie Case For Her Title VII, Section 1981, and O.R.C. 4112 Discrimination Claims. ........................................................................................ 4

        1.    Shauna Shields Was Better Qualified Than Cranfield............................. 5

        2.    Nina Adams Was Better Qualified Than Cranfield. ................................. 6

        3.    Jennifer Boulis Was Better Qualified Than Cranfield. ............................. 7

    B.    Cranfield Has Not Presented Evidence Sufficient To Show That Costco's Stated Business Reasons For Its Decisions Were Pretext For Discrimination Or That Its Decisions Were Motivated By Any Prohibited Animus. .................... 7

        1.    The Evidence Is Insufficient to Establish That Costco's Stated Business Reasons For Hiring Shields Were Pretextual and That Cranfield Was Denied The May 2018 Promotion Because of Her Race........................................................................................ 8

        2.    The Evidence Is Insufficient to Establish That Costco's Stated Reasons For Hiring Adams Were Pretextual and That Cranfield Was Denied The August 2018 Promotion Because of Her Color...................... 9

        3.    The Evidence Is Insufficient to Establish That Costco's Stated Reasons For Hiring Boulis Were Pretextual and That Cranfield Was Denied The August 2018 Promotion Because of Her Race..................... 10

        4.    Cranfield Has Failed to Present Evidence Sufficient To Prove Prohibited Animus. ................................................................. 11

II.    Costco Is Entitled To A Directed Verdict On Ms. Cranfield's Claims That Costco Failed To Provide Her A Reasonable Accommodation................................. 12

    A.    The Evidence Is Not Sufficient To Show That Costco Failed to Provide Cranfield a Reasonable Accommodation............................................. 13

    B.    Costco Offered Cranfield Reasonable Accommodations That She Rejected ....... 14

C.      Giving Cranfield All Thursdays and Saturdays Off It Would Have Caused An Undue Hardship On Costco's Bakery Department. ....................................... 16

III.    Costco Is Entitled To A Directed Verdict On Ms. Cranfield's Claims for Damages Related to Her ADA Claim Under 42 U.S.C. Section 1981a(a)(3). ............................... 17

IV.     Costco Is Entitled To A Directed Verdict On Cranfield's Claims For Punitive Damages. ................................................................................................................. 18

A.      Cranfield Has Presented No Evidence of Malice or Reckless Indifference to Her Rights As Is Necessary To Support Punitive Damages. ............................... 18

B.      Indeed, Costco Has Definitively Established That It Engaged in Good Faith Efforts Through Training, Compliance, and Enforcement to Comply With Federal Anti-Discrimination and Accommodation Law Which Bars Punitive Damages Under Kolstad. ....................................................................... 19

CONCLUSION ................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ............................................................3

*Banks v. Bosch Rexroth Corp.*,
   610 F. App'x 519 (6th Cir. 2015) ............................................................14

*Brennan v. Tractor Supply Co.*,
   237 F. App'x 9 (6th Cir. 2007) ............................................................8

*Brumley v. United Parcel Serv., Inc.*,
   909 F.3d 834 (6th Cir. 2018) ............................................................12, 15

*Cannon v. Gen. Supply & Servs., Inc*,
   No. 15-CV-06982, 2016 WL 7339151 (N.D. Ill. Dec. 19, 2016) ............................................................12

*Dews v. A.B. Dick Co.*,
   231 F.3d 1016 (6th Cir. 2000) ............................................................4, 8

*E.E.O.C. v. Ford Motor Co.*,
   782 F.3d 753 (6th Cir. 2015) ............................................................14

*EEOC v. Dave's Supermarkets, Inc.*,
   No. 1:09 CV 2119, 2011 WL 797331 (N.D. Ohio Mar. 1, 2011) ............................................................20

*EEOC v. Red Roof Inns, Inc.*,
   No. 3:20-CV-381, 2022 WL 3369519 (S.D. Ohio Aug. 16, 2022) ............................................................19

*Exxon Shipping Co. v. Baker*,
   554 U.S. 471, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) ............................................................18

*Galloway v. United States*,
   319 U.S. 372, 63 S. Ct. 1077, 87 L. Ed. 1458 (1943) ............................................................3

*Gard v. Grand River Rubber & Plastics Co.*,
   No. 1:20CV125, 2021 WL 6000039 (N.D. Ohio Dec. 20, 2021) ............................................................19

*Hall v. Consolidated Freightways Corp. of Delaware*,
   337 F.3d 669 (6th Cir. 2003) ............................................................18

*Hankins v. The Gap, Inc.*,
   84 F.3d 797 (6th Cir. 1996) ............................................................14

*Hedrick v. W. Reserve Care Sys.*,
    355 F.3d 444 (6th Cir. 2004) ........................................................................................14

*Hitchcock v. Angel Corps, Inc.*,
    718 F.3d 733 (7th Cir. 2013) ........................................................................................12

*Hofacker v. Wells Fargo Bank Nat'l Ass'n*,
    179 F. Supp. 3d 463 (E.D. Pa. 2016) ...........................................................................17

*Jakubowski v. Christ Hosp., Inc.*,
    627 F.3d 195 (6th Cir. 2010) ...................................................................................12, 13

*Jurach v. Safety Vision, LLC*,
    642 F. App'x 313 (5th Cir. 2016) .................................................................................17

*Kolstad v. Am. Dental Ass'n*,
    527 U.S. 526 (1999).........................................................................................18, 19, 20

*Kovac v. Superior Dairy, Inc.*,
    998 F. Supp. 2d 609 (N.D. Ohio 2014).........................................................................15

*Leadbetter v. Gilley*,
    385 F.3d 683 (6th Cir. 2004) ..........................................................................................4

*Longino v. City of Cincinnati*,
    No. 1:12-CV-424, 2013 WL 2424253 (S.D. Ohio June 4, 2013)...................................15

*Manzer v. Diamond Shamrock Chemicals Co.*,
    29 F.3d 1078 (6th Cir. 1994) ..........................................................................................8

*McDonald v. UAS-GM Center for Human Resources*,
    738 F. App'x 848 (6th Cir. 2018) .................................................................................13

*Morgan v. New York Life Ins. Co.*,
    559 F.3d 425 (6th Cir. 2009) ...................................................................................18, 19

*Provenzano v. LCI Holdings, Inc.*,
    663 F.3d 806 (6th Cir. 2011) ..........................................................................................4

*Rorrer v. City of Stow*,
    743 F.3d 1025 (6th Cir. 2014) ......................................................................................14

*Ross v. Am. Red Cross*,
    567 F. App'x 296 (6th Cir. 2014)....................................................................................3

*Switala v. Schwan's Sales Enter.*,
    231 F. Supp. 2d 672 (N.D. Ohio 2002).........................................................................16

*Tchankpa v. Ascena Retail Group, Inc.*,
    951 F.3d 805 (6th Cir. 2020) ............................................. 13

*Upshaw v. Ford Motor Co.*,
    576 F.3d 576 (6th Cir. 2009) ............................................... 8

*Varela v. Rock-Tenn Co.*,
    No. 05 C 7067, 2006 WL 3196918 (N.D. Ill. Nov. 2, 2006) ................... 11

*White v. Burlington Northern & Santa Fe R. Co*,
    364 F.3d 789 (6th Cir. 2004) .............................................. 18

*Wright v. N. Carolina State Univ.*,
    169 F. Supp. 2d 485 (E.D.N.C. 2000) ...................................... 15

*Zaccagnini v. Chas. Levy Circulating Co.*,
    338 F.3d 672 (7th Cir. 2003) .............................................. 11

*Zaffino v. Metro. Gov't of Nashville et. Al*,
    688 F. App'x 356 (6th Cir. 2017) .......................................... 13

**Statutes**

42 U.S.C. § 1981(a)(3) ........................................................ 18

42 U.S.C. § 1981a(a)(3) ..................................................... 2, 17

Federal Anti-Discrimination and Accommodation Law ...................... *passim*

**Other Authorities**

Fed. R. Civ. P. 50(a) ......................................................... 3

## **Introduction**

A directed verdict is warranted in favor of Costco, because Cranfield has failed to present evidence supporting the essential elements of her claims. As set forth below, Cranfield has failed to present evidence sufficient to establish her claims that Costco failed to promote her because of her race or color on three occasions, inasmuch as (1) she cannot establish a *prima facie* case of race or color, and (2) she cannot prove that Costco's asserted reasons for not electing her were a pretext for discrimination.

Regarding her *prima facie* case, the evidence presented in the trial does not show that Cranfield possessed similar qualifications to the any of the candidates chosen for her desired positions. Accordingly, her claims for discrimination on the basis of race and/or color fail as a matter of law and a directed verdict is warranted for Costco.

Regarding pretext, Cranfield has not presented any evidence sufficient to prove that Costco's legitimate non-discriminatory reason for promoting other candidates was pretextual. There was no evidence presented to show that Costco's stated reasons were factually inaccurate, or that the stated reasons did not actually motivate the decision, or that the stated reasons were insufficient to warrant the decision. To the contrary, the testimony of Costco's witnesses — which was unrefuted — established that Costco engages in a holistic review of each candidate's qualifications when making hiring decisions. Although Cranfield speculated about the decisions, she failed present any evidence showing that Costco's stated reason for promoting other candidates was pretext for the prohibited animus of race or color discrimination.

Finally, Cranfield failed to present evidence sufficient to prove up her failure to accommodate claim. Specifically, she has presented no evidence that her preferred accommodation was reasonable. Further, the evidence presented to the jury showed that Cranfield failed to engage in the interactive process when Costco offered a reasonable counter accommodation, and also

showed that Cranfield's preferred accommodation would have caused Costco an undue hardship to Costco's business and its other employees. Perhaps most significantly, the evidence established that Costco offered Cranfield a reasonable accommodation that she declined in favor of her preferred accommodation. As a matter of law, these undisputed facts preclude Ms. Cranfield from prevailing on her failure to accommodate claim and they entitle Costco to a directed verdict on the failure to accommodate claim.

As to damages, Costco is also entitled to a directed verdict because Cranfield is statutorily barred from recovery. 42 U.S.C. Section 1981a(a)(3) specifically prohibits the award of damages in cases concerning reasonable accommodations where, as here, the defendant demonstrates it made good faith efforts, through an interactive process, to make a reasonable accommodation that would not cause an undue hardship. Even construing the evidence in the light most favorable to Ms. Cranfield the facts show Costco engaged in a good faith interactive process in which it offered to accommodate Ms. Cranfield's therapy appointments by scheduling her shifts around those appointments as often as possible and informing her that in the circumstances it could not avoid a conflict between her appointments and work schedule that she could switch shifts or utilize her FMLA leave. These facts, which Cranfield does not dispute beyond her own speculation and conjecture, preclude her recovery of damages as she declined this accommodation.

A directed verdict also is warranted for Costco on Cranfield's claim for punitive damages. On this point, Cranfield has not presented any evidence suggesting that Costco acted with malice or reckless indifference of her federally protected rights. Moreover, she has failed to refute Costco's evidence presented at trial showing that it engaged in good faith efforts to comply with anti-discrimination laws. Accordingly, the evidence presented at trial cannot conceivably support a claim for punitive damages or an award of such damages.

## Standard of Review

A judgment may be entered as a matter of law if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on an issue. Fed. R. Civ. P. 50(a). The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is sufficient to sustain a verdict in favor of the non-moving party. *Ross v. Am. Red Cross*, 567 F. App'x 296, 311 (6th Cir. 2014). The standard for granting summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . ." and importantly, "the mere existence of a scintilla of evidence" does not merit the submission of a case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 252, 106 S. Ct. 2505, 2511-12, 91 L. Ed. 2d 202 (1986). When a Court considers whether to grant a directed verdict or allow the jury to consider the evidence, "the essential requirement is that mere speculation be not allowed to do duty for probative facts, after making due allowance for all reasonably possible inferences favoring the party whose case is attacked." *Galloway v. United States*, 319 U.S. 372, 395, 63 S. Ct. 1077, 1089, 87 L. Ed. 1458 (1943).

## Argument

**I.    Costco Is Entitled To A Directed Verdict On Cranfield's Claims That It Failed To Promote Her To Three Membership/Marketing Positions In May and August of 2018.**

As an initial matter, Cranfield failed to meet her burden of presenting a *prima facie* case. First, she failed to present evidence sufficient to prove that she possessed similar qualifications to Shauna Shields ("Shields"), Nina Adams ("Adams") and Jennifer Boulis ("Boulis"). Second, she failed to present evidence sufficient to prove that Costco took any action based upon any prohibited animus.

To establish a *prima facie* case for race or color discrimination, Cranfield must show (1) she is a member of a protected class, (2) she applied for and was qualified for the position that Costco was offering, (3) she was rejected for the promotion despite her qualifications, and (4) other employees of similar qualifications, who were not members of the protected class, were promoted as her promotion was denied. *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020-21 (6th Cir. 2000). If she proves all four elements, then Costco must offer a legitimate non-discriminatory reason for denying her promotion in favor of an employee who was not in the protected class. *Id.* at 1021. If Costco provides a legitimate non-discriminatory reason for not promoting Cranfield, then to prevail, Cranfield must show that Costco's reason was a pretext for race or color discrimination. *Id.* The ultimate burden of proof to show discrimination remains on the plaintiff at all times. *Id.*

### A.  Ms. Cranfield Has Failed To Present Evidence Supporting A *Prima Facie* Case For Her Title VII, Section 1981, and O.R.C. 4112 Discrimination Claims.

Cranfield has submitted no evidence at trial establishing the fourth element of her *prima facie* case: that other employees of similar qualifications, who were not members of the protected class, were promoted instead of her. To establish the fourth element of her *prima facie* case, Ms. Cranfield must show that she possessed "similar qualifications" to the employee who received the promotion. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 814 (6th Cir. 2011). The similarities between Ms. Cranfield and the employee outside of her protected class who received a promotion must exist "in all relevant aspects of their respective employment circumstances." *Leadbetter v. Gilley*, 385 F.3d 683, 691 (6th Cir. 2004).

Ms. Cranfield, not surprisingly, testified she believes she possessed similar qualifications to Shields, Adams, and Boulis. (*See* ECF No. 71 at 87:24-88:11.) However, a close review of the evidence at trial shows that Cranfield has offered nothing beyond her own speculation and subjective opinions to refute General Manager Gus Clark and Membership/Marketing Manager

4

Julia Petrescu's testimony indicating that, in each instance, the selected candidates were better qualified than Cranfield.

### 1.    Shauna Shields Was Better Qualified Than Cranfield.

Clark and Petrescu testified that in May of 2018, Shields possessed qualifications that Ms. Cranfield did not, which warranted awarding the position to Shields. (*See* ECF No. 75 at 54:25-56:5.) Specifically Clark and Petrescu testified that Shields had more member-facing departmental experience Ms. Cranfield. (*See* ECF No. 77 at 169:11-22.) They testified that Ms. Cranfield's job responsibilities at the Food Court cash registers were not similar to Shields' responsibilities in the Pharmacy Department. (ECF No. 77 at 171:20-174:12.) Clark testified that Shields' pharmacy experience distinguished her from Ms. Cranfield, as she was interacting and assisting the warehouse's most vulnerable members, whereas Ms. Cranfield was working in the bakery with significantly more limited member interaction. (*See* ECF No. 77 at 169:11-22.) Clark and Petrescu further testified regarding Shields' use of the pharmacy cashier, stating it was more complex, and therefore more similar to the membership registers. Moreover, Clark and Petrescu testified regarding Shields experience utilizing the AS400 membership software  as part of her pharmacy work, a crucial qualification for the Membership/Marketing department. (*See* ECF No. 77 at 170:20-171:19.)

In sum, Clark and Petrescu both testified that Shields had more experience in other member-facing departments, more cashier experience upgrading members, and had shown them that she would excel in the role she was seeking. Ms. Cranfield presented no evidence to refute that testimony, and she did not offer any evidence other than her own speculation and conjecture to suggest that her qualifications were similar to Shields at the time of the May 2018 promotion. (*See* ECF No. 71 at 87:24-88:11.)

Finally, to the extent Plaintiff argues that she possessed similar qualifications because Costco has stated that Shields had membership department experience that Ms. Cranfield did not, that argument is a red-herring. First, Clark and Petrescu have explained that at the time, they genuinely believed Shields possessed membership department experience, although they have since come to learn she did not. (*See* ECF No. 77 at 228:7-229:16.) They have further testified that even setting aside their misconception about Shields' membership department experience, the above qualifications distinguished Shields from Ms. Cranfield. (*See* ECF No. 77 at 174:7-12.) In short, Cranfield's argument does not change the fact that based on the evidence, Cranfield was not similarly qualified to Shields.

### 2. Nina Adams Was Better Qualified Than Cranfield.

Clark and Petrescu testified that Adams was chosen because she performed well in her interview, and was already performing well in her member-facing role on the Front End. Clark and Petrescu also testified Adams was able to successfully perform executive upgrades when members were checking out. Further, both testified that Adams had exceeded expectations in her ability to sell upgraded memberships and credit cards at outside marketing events and table events and was routinely seeking out those opportunities.

In contrast, the evidence has shown that while Cranfield was about 7 weeks into the 13-week boot camp created specifically for her by Clark to learn the role for the Membership/Marketing position she desired, she had not demonstrated that she could consistently sell upgraded memberships and credit cards at the time Adams was selected. Cranfield repeatedly referred to her ability to sell Goldstar memberships. (*See* ECF No. 73 at 215:9-19; 193:15-21.) However, Clark and Petrescu testified that the primary goal of the membership department is to sell *upgraded* memberships and credit cards. (*See* ECF No. 77 at 160:17-161:11.) Adams' ability to sell such memberships and credits cards on the front end and at marketing events plainly

demonstrates that she was more qualified for the position than Ms. Cranfield. Even assuming the veracity of Ms. Cranfield's statement that she performed well during the 13-week boot camp, she has produced no evidence that she had similar qualifications in terms of the ability to consistently sell upgraded memberships and credit cards. Accordingly, she has failed to present evidence that she possessed similar qualifications to Adams.

### 3.   Jennifer Boulis Was Better Qualified Than Cranfield.

Regarding Boulis, Clark and Petrescu testified that her qualifications were far superior to Cranfield's, as of August 2018. Although Ms. Cranfield testified that Boulis' qualifications were similar to her own because Boulis was a stocker for a brief time, (*see* ECF No. 73 at 230:14-24) Clark and Petrescu testified that Boulis previously had worked as an outside marketer and had demonstrated an excellent ability to sell upgraded memberships and credit cards. (*see* ECF No. 77 at 193:14-19.) The evidence has further established that while Bouils' most recent position was as a stocker, she accepted that position to stay involved at Costco while she assisted her family business. (*See* ECF No. 77 at 189:3-190:3.) Ms. Cranfield offered no testimony to show that her 13-week boot camp — which had not even been completed as of August 2018 — rendered her similarly qualified in experience to Boulis. Accordingly, the only conclusion the evidence supports, is that Boulis had qualifications that were viewed as superior to Cranfield's.

### B.   Cranfield Has Not Presented Evidence Sufficient To Show That Costco's Stated Business Reasons For Its Decisions Were Pretext For Discrimination Or That Its Decisions Were Motivated By Any Prohibited Animus.

A directed verdict is warranted for Costco on Cranfield's Title VII and Section 1981 claims because Cranfield has not presented evidence sufficient to allow the jury to conclude that Costco's stated legitimate business reasons for awarding the positions to Shields, Adams, and Boulis were pretext for discrimination. To prove pretext, a plaintiff must present evidence that would allow the jury to conclude that the employer's proffered reason (1) has no basis in fact, (2) did not actually

motivate the defendant's challenged conduct, or (3) was "insufficient to warrant" the challenged conduct. *Dews*, 231 F.3d at 1021. (citing *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). Cranfield must support evidence of pretext with more than her own mere speculation or conjecture. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 587 (6th Cir. 2009) (holding speculation of employer's explanation as pretext "unsupported by any allegation of fact" is not enough to support denial of summary judgment) (citing *Brennan v. Tractor Supply Co.*, 237 F. App'x 9, 19-20 (6th Cir. 2007) ("[M]ere conjecture that the employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment . . . . [A] court may not reject an employer's explanation [of its actions] unless there is some sufficient basis in the evidence for doing so.")).

Cranfield's claims related to Costco's promotional decisions fail as a matter of law on this point. The only evidence she has presented is her own speculative testimony which either misunderstands the different roles at Costco or improperly conflates her experience with the experience of other candidates. Of course, such evidence is insufficient. As discussed below, Cranfield has failed to present any definitive substantive evidence that Costco's stated business reasons where pretexts for unlawful discrimination.

### 1. The Evidence Is Insufficient to Establish That Costco's Stated Business Reasons For Hiring Shields Were Pretextual and That Cranfield Was Denied The May 2018 Promotion Because of Her Race.

The evidence presented by Cranfield at trial fails to provide a basis upon which the jury could conclude that Costco's stated reasons for awarding the May 2018 refund cashier position to Shields were a pretext to deny Ms. Cranfield the position because of her race. Clark and Petrescu testified that the position was awarded to Shields because of her member-facing experience in the pharmacy, her experience with the pharmacy register which was similar to the membership register, and Shields' demonstrated ability to convince individuals who came to the pharmacy

(where no membership is required) to visit the membership desk and sign up. (*See* ECF No. 77 at 169:11-171:19.)

Cranfield's purported evidence that Costco's explanation was pretextual is her own testimony that she had experience working the cash registers and had previous member-facing experience in the Food Court. (*See* ECF No. 71 at 34:19-35:11.) However both Petrescu and Clark testified that the Food Court registers differ from the membership and pharmacy registers and that they both assigned significant weight to Shields' experience in the pharmacy where Shields was routinely serving the warehouse's most vulnerable members. (*See* ECF No. 77 at 169:11-171:14; 173:2-18.) Other than her own speculation and conjecture regarding the significance of Shields' pharmacy experience and her understanding of the registers, Ms. Cranfield has offered no evidence that the stated reasons for awarding the position to Shields were pretext because they were factually inaccurate, did not actually motivate the decision, or were insufficient to warrant the decision.

Cranfield's argument that Shields' failure to answer "benchmark" questions should have held her back from selection in the same manner it held back Cranfield misses the mark. The argument ignores a key fact — that there were other reasons supporting Shields' selection that Cranfield does not dispute, including her pharmacy experience to which Mr. Clark assigned significant weight. Given Cranfield's inability to refute the other reasons for Shield's selection, her argument about Shields' failure to answer benchmark questions is unavailing.

### 2. The Evidence Is Insufficient to Establish That Costco's Stated Reasons For Hiring Adams Were Pretextual And That Cranfield Was Denied The August 2018 Promotion Because of Her Color.

The testimony presented by Ms. Cranfield at trial also fails to provide a basis upon which the jury could conclude that Costco's stated reasons for awarding the August 2018 refund cashier position to Adams were a pretext for unlawful discrimination. Clark and Petrescu testified that Adams was awarded the position because of her performance at her interview, and based on the

fact that she was already performing well in her member-facing role as a Front-End Assistant. (*See* ECF No. 77 at 224:21-225:20.) Clark and Petrescu also pointed to Adams' ability to successfully sell executive upgrades to members who were checking out and when she was volunteering at outside marketing events. *Id.* They admitted Adams had less experience than Cranfield in the Membership/Marketing department, and less tenure than Cranfield, but explained that Adams' other qualifications made her the superior candidate. (*See* ECF No. 77 at 180:23-181:15.)

Cranfield argues that since seniority and experience were deciding factors in the selection process for Shields and Brownfield, respectively, it was pretext when these factors did not result in her being selected over Adams. But as Clark and Petrescu explained in their testimony, seniority and experience are only two of many factors that are part of the holistic review of candidates for promotion — they are not deciding factors in all instances. Cranfield cannot cherry-pick from the relevant qualifications testified to at trial to prove pretext by "shifting explanations." She simply has not presented any evidence to refute that Clark selected Adams because she was the superior candidate when holistically reviewing *all* the qualities candidates possessed. Accordingly no reasonable jury could find that Costco's explanation for its promotion of Adams was a pretext for color discrimination.

### 3. The Evidence Is Insufficient to Establish That Costco's Stated Reasons For Hiring Boulis Were Pretextual and That Cranfield Was Denied The August 2018 Promotion Because of Her Race.

Based on the testimony presented at trial, no reasonable jury could conclude that Costco's stated reasons for awarding the August refund cashier position to Boulis were a pretext to deny Ms. Cranfield the position on the basis of her race. As with Shields and Adams, Clark and Petrescu testified that Boulis' qualifications were far superior to Ms. Cranfield's for the second job opening in August 2018. Specifically, they testified that Boulis previously had worked as an outside marketer (for more than a year), a job that is nearly identical to the role at the membership desk.

Cranfield wholly fails to acknowledge this experience and instead argues that Boulis was a stocker prior to August 2018. (*See* ECF No. 71 at 82:1-25.) Cranfield fails to acknowledge, however, that Boulis was a stocker so that she could continue working at Costco while she also worked at her family business. (*See* ECF No. 77 at 189:3-190:3.) Of course, none of that negates Boulis' previous exemplary performance for more than a year, especially when compared to Cranfield's performance in her boot camp. (*See* ECF No. 77 at 208:14-24.) According to all the testimony, Boulis' performance was exceptional, and she interviewed better than Ms. Cranfield. Cranfield has offered no evidence to discredit Clark and Petrescu's testimony that upon a side by side, holistic review, Boulis objectively was the better qualified candidate. Accordingly, the evidence is insufficient to show that the decision regarding Boulis was pretextual.

Costco anticipates Cranfield's reliance on a "shifting burdens" argument to show pretext. However, *differing* explanations are only indicative of pretext "when there are new explanations that are *inconsistent* with prior stated reasons." *Varela v. Rock-Tenn Co.*, No. 05 C 7067, 2006 WL 3196918, at *4 (N.D. Ill. Nov. 2, 2006) (citing *Zaccagnini v. Chas. Levy Circulating Co.*, 338 F.3d 672 (7th Cir. 2003). Costco anticipates that Cranfield will argue that because she was told Boulis interviewed better than her at one point, and then was told that Boulis' experience was the reason for her promotion at a later point, the decision to promote Boulis was pretextual. But Petrescu and Clark both testified at trial that both of these factors took part in their holistic review of the candidates.  (*See* ECF No. 77 at 189:3-193:13.) While those explanations may have been provided separately at different times, they are hardly inconsistent.

### 4. Cranfield Has Failed to Present Evidence Sufficient To Prove Prohibited Animus.

The jury also has not heard evidence sufficient to allow it to find that Costco acted with discriminatory animus. " [A] showing of pretext" alone concerning an employer's "shifting

explanations" is not enough to prove discrimination. Rather, a plaintiff "must also show that the explanations are a pretext for the prohibited animus." *Cannon v. Gen. Supply & Servs., Inc*, No. 15-CV-06982, 2016 WL 7339151, at *11 (N.D. Ill. Dec. 19, 2016) (quoting *Hitchcock v. Angel Corps, Inc.*, 718 F.3d 733, 742 (7th Cir. 2013)). Cranfield has produced no evidence at trial to suggest that any "shifting explanations" or other motivations were a pretext *for the prohibited animus* of race discrimination. In fact, she specifically testified she did not believe Clark discriminated against her. (*See* ECF No. 73 at 175:5-16.) Additionally, other testimony at trial has shown no direct or circumstantial evidence that Costco was motived or in any way influenced by Cranfield's race or color in any of its decisions. Accordingly no reasonable jury could find that Costco's explantations for its promotion of Shields, Adams, or Boulis were pretexts for race discrimination.

## II.    Costco Is Entitled To A Directed Verdict On Ms. Cranfield's Claims That Costco Failed To Provide Her A Reasonable Accommodation.

Cranfield has failed to provide evidence sufficient to prove that Costco failed to provide her a reasonable accommodation. To establish a *prima facie* case of failure to accommodate under the ADA, Cranfield must show that (1) she was disabled within the meaning of the ADA, (2) she was otherwise qualified for her position, with or without reasonable accommodation, (3) Costco knew or had reason to know about her disability, (4) she requested an accommodation, and (5) Costco failed to provide the necessary accommodation. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018). If Cranfield carries her initial burden, then it shifts to Costco to show that the proposed accommodation would cause an undue hardship on its business. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202-03 (6th Cir. 2010).

Even assuming the veracity of all Cranfield's evidence, she has offered no evidence that her preferred accommodation of every Thursday and Saturday off was reasonable. Cranfield's

preferred accommodation would have required Costco to excuse her from an essential job duty. Part-time employees at Costco are required to be flexible and available to work on Costco's busiest days, including Saturdays. Notwithstanding, the testimony is that Costco offered to work with Cranfield to schedule around her therapy appointments, and told her she could switch shifts and use her FMLA leave in instances where her shift conflicted with an appointment. Cranfield's own testimony established that she rejected that option and insisted on her requested accommodation. As a matter of law, Cranfield's testimony precludes her from recovering on her ADA claim and so a directed verdict in Costco's favor is proper.

### A. The Evidence Is Not Sufficient To Show That Costco Failed to Provide Cranfield a Reasonable Accommodation.

Cranfield bears the initial burden of proposing an accommodation, and showing that her preferred/proposed accommodation is objectively reasonable. *Zaffino v. Metro. Gov't of Nashville et. Al*, 688 F. App'x 356, 358 (6th Cir. 2017). She is not entitled to a particular accommodation, and cannot force Costco to "provide a specific accommodation if [Costco] offers another reasonable accommodation." *McDonald v. UAS-GM Center for Human Resources*, 738 F. App'x 848, 854 (6th Cir. 2018); *Jakubowski*, 627 F.3d at 203 (stating if an employer takes the step to propose a reasonable counter accommodation, "the employee cannot demand a different accommodation"). Thus, in the end, the employer has the "ultimate discretion" in choosing between reasonable accommodations, and the employer may choose whichever is easier to implement. *McDonald*, 738 F. App'x at 854.

Cranfield's proposed accommodation was to have <u>every</u> Thursday <u>and</u> Saturday off until further notice. She proposed nothing else and she rejected anything else. Accommodating Thursdays and Saturdays entirely off, particularly given the small size of the bakery department that Tammy Koehn testified to, was not a reasonable accommodation for Costco. *Tchankpa v.*

13

*Ascena Retail Group, Inc.*, 951 F.3d 805, 812 (6th Cir. 2020) ("An accommodation is likely unreasonable if it frustrates attendance or creates 'an unlimited ability to leave work'") (quoting *Banks v. Bosch Rexroth Corp.*, 610 F. App'x 519, 528 (6th Cir. 2015)). Clark testified that an essential function of a part-time employee at Costco is the flexibility to work on the weekends. (*See* ECF No. 77 at 143:2-23.) Pursuant to Sixth Circuit case law an accommodation that removes essential functions of a role is per se *unreasonable. See Rorrer v. City of Stow*, 743 F.3d 1025, 1039 (6th Cir. 2014) ("A suggested accommodation is not reasonable if it requires eliminating an 'essential' function of the job."); *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015) (noting that a reasonable accommodation "does *not* include removing an 'essential function [ ]' from the position, for that is *per se* unreasonable") (emphasis in the original).

Cranfield has presented no evidence beyond her own speculation and conjecture to show that her preferred/proposed accommodation was reasonable. Nor has she offered any evidence to contradict the testimony to the effect that providing her a set "off days" schedule would have removed the essential function of her role requiring her to maintain the flexibility to work Saturdays when needed. Based on the evidence, no reasonable jury could find that Cranfield proposed a reasonable accommodation.

### B. Costco Offered Cranfield Reasonable Accommodations That She Rejected

It is axiomatic that an employee cannot sustain a claim for failure to reasonably accommodate where that employee rejects a reasonable accommodation in favor of the employee's preferred accommodation. *See Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004) (finding that where an employee rejects a reasonable accommodation they are no longer considered a qualified individual under the ADA); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802 (6th Cir. 1996) (finding that the district court properly dismissed the plaintiff's accommodation claim where plaintiff rejected the employer's proposed reasonable accommodation in favor the employee's

preferred alternatives). *Kovac v. Superior Dairy, Inc.*, 998 F. Supp. 2d 609, 622 (N.D. Ohio 2014) ("An employee who . . . rejects a proposed accommodation may not maintain a claim for failure to accommodate."). *See also United Parcel Serv., Inc.*, 909 F.3d 834, 840 (6th Cir. 2018) (defendant has discretion to provide a reasonable accommodation through the interactive process, and where a plaintiff abandons the interactive process a defendant is not liable for failing to provide a reasonable accommodation).

Cranfield's case fails on this very point. The evidence at trial establishes that Costco tried to work with Cranfield, and offered her reasonable accommodations. For example, Clark testified that Costco offered that if Cranfield would share the dates of her appointments, Costco would work with her to schedule her shifts around those appointments and that in the circumstances where a conflict arose, she could switch shifts or use her FMLA to attend her therapy appointments. (*See* ECF No. 77 at 199:8-201:9.) Costco's proposed solution would have allowed Ms. Cranfield to attend her therapy appointments while maintaining the essential function of her job, i.e. maintaining flexibility in scheduling and being available on Saturdays. Cranfield refused this accommodation, stating that it was "easier for her" to have both days off. (*See* ECF No. 73 at 268:5-270:2.) But Cranfield is not entitled to the accommodation of her choosing. She is only entitled to a reasonable accommodation, and her rejection of the accommodations offered by Costco dooms her claim as a matter of law. *Wright v. N. Carolina State Univ.*, 169 F. Supp. 2d 485, 490 (E.D.N.C. 2000) (granting summary judgment on ADA claim because defendant was not required to honor plaintiff's specific requested accommodation where plaintiff was offered various accommodations including the "opportunity to switch shifts"); *see also Longino v. City of Cincinnati*, No. 1:12-CV-424, 2013 WL 2424253, at *6 (S.D. Ohio June 4, 2013) (stating "unpaid leave for a discrete period of time qualifies as a reasonable accommodation").

**C.     Giving Cranfield All Thursdays and Saturdays Off It Would Have Caused An Undue Hardship On Costco's Bakery Department.**

The evidence at trial showed that Cranfield's preferred accommodation would have caused an undue hardship on Costco's bakery department. Clark testified that the staffing needs in the bakery simply could not accommodate one employee taking the same two full days off every week. (*See* ECF No. 77 at 203:22-206:3.) Where an accommodation poses this sort of hardship on business operations, it is not reasonable as a matter of law. *See Switala v. Schwan's Sales Enter.*, 231 F. Supp. 2d 672, 686 (N.D. Ohio 2002) (holding plaintiff's request to attend physical therapy with no notice or documentation was unreasonable and finding accommodating the request would impose an undue hardship on defendant because it was short-staffed and requested on short notice).

The evidence was clear as to the burdensome nature of Cranfield's requested accommodation. Cranfield made her first request for Thursdays and Saturdays off on April 15, 2019. At the time she made this request, she already had requested vacation for Mother's Day weekend which included her being off work Saturday, May 11, 2019 by 2:00 p.m. and then off on Sunday, May 12, and Monday, May 13. Granting her Thursday off in addition to her already granted vacation days would have left the bakery short staffed during Mother's Day weekend, when additional coverage in the bakery was needed, thereby creating an undue burden.

On a broader level, Clark testified that allowing Ms. Cranfield to have every Thursday and Saturday off would have unduly burdened the bakery in additional ways. For one, it would have limited the ability of the bakery manager to schedule Cranfield (a part-time employed) as she needed to properly staff the bakery. (*See* ECF No. 77 at 199:16-201:25.) Clark further explained that shortages in staffing would force the bakery manager to bring in employees from other departments who were not familiar with working in the bakery, and he explained the negative operational impact that would have had on efficiency and productivity in the bakery. (*See* ECF

No. 77 at 203:22-204:24.) Additionally, it would have unduly burdened the other bakery wrappers in the department, who would have been forced to work more Thursdays (when the bakery is ramping up for the weekend) and Saturdays (the busiest day of the week). What is more, because of the need to schedule Cranfield 5 days a week, other bakery wrappers would have had fewer opportunities to be scheduled on Sundays, and thus fewer opportunities to receive time and a half pay.

And so, Cranfield's requested accommodation would have adversely impacted not only the bakery schedule, but also the bakery operation and the bakery employees. The undue burden resulting from the accommodation Cranfield proposed provides further basis for a directed verdict on Ms. Cranfield's failure to accommodate claim under the ADA.

### III.    Costco Is Entitled To A Directed Verdict On Ms. Cranfield's Claims for Damages Related to Her ADA Claim Under 42 U.S.C. Section 1981a(a)(3).

Ms. Cranfield cannot establish a claim for compensatory damages under the ADA because 42 U.S.C. § 1981a(a)(3) specifically prohibits the award of damages in cases concerning reasonable accommodations when the defendant demonstrates that it made good faith efforts, through an interactive process, to make a reasonable accommodation that would not cause an undue hardship. *See Hofacker v. Wells Fargo Bank Nat'l Ass'n*, 179 F. Supp. 3d 463, 472 (E.D. Pa. 2016) ("an employer's good faith effort to identify and provide an accommodation provides a complete statutory defense to damages"); *see also Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 319-20 (5th Cir. 2016) (finding no evidence of bad faith where employee provided inconsistent reasons for accommodation request, ambiguous medical documentation, and insisted on "a preferred accommodation, to which she was not necessarily entitled").

Even construing the facts in the light most favorable to Ms. Cranfield, the evidence presented establishes that Costco engaged in an interactive process that broke down because Ms.

Cranfield failed to participate. She failed to provide the dates of her appointments, and failed to provide any other suggestion than her initial demand for <u>every</u> Thursday and <u>every</u> Saturday off. Even when Costco offered Ms. Cranfield an alternative accommodation that would have allowed her to attend her therapy appointments, she flatly rejected it because she wanted the entire day off. She similarly rejected suggestions Costco made, while offering none of her own. She completely frustrated Costco's good faith efforts to engage in the interactive process. Accordingly, any compensatory damages related to her ADA claim are statutorily barred pursuant to § 1981(a)(3).

## IV. Costco Is Entitled To A Directed Verdict On Cranfield's Claims For Punitive Damages.

### A. Cranfield Has Presented No Evidence of Malice or Reckless Indifference to Her Rights As Is Necessary To Support Punitive Damages.

Cranfield has produced no evidence or testimony from which a reasonable jury could conclude that punitive damages are appropriate. To obtain punitive damages on any of her claims, Ms. Cranfield must "demonstrate that [her employer] engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to [her] federally protected rights." *White v. Burlington Northern & Santa Fe R. Co*, 364 F.3d 789, 805 (6th Cir. 2004); *Hall v. Consolidated Freightways Corp. of Delaware,* 337 F.3d 669, 673 (6th Cir. 2003). "The terms 'malice' and 'reckless' ultimately focus on the actor's state of mind." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999) (internal citations omitted). The Supreme Court has stated that "a positive element of conscious wrongdoing is always required." *Id*. at 538 (internal quotation marks and citation omitted). In other words, Ms. Cranfield must show that Costco has taken a willful or malicious action against her with a "purpose to injure" her. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 494, 128 S. Ct. 2605, 2622, 171 L. Ed. 2d 570 (2008).

Similarly, under Ohio law, an award of punitive damages requires a showing that an employer acted with actual malice. *Morgan v. New York Life Ins. Co.*, 559 F.3d 425, 440 (6th Cir.

2009). Actual malice has been interpreted to require a showing "(1) that [the] state of mind under which a person's conduct [is committed] is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Id*.

Cranfield presented no evidence sufficient to prove that Costco acted with malice, or reckless indifference to her federally protected rights. Though she believes Costco provided different explanations for the promotion decisions at issue, her testimony was silent on whether Costco acted with the requisite state of mind. In fact, she admitted that Clark did not discriminate against her. (*See* ECF No. 73 at 175:14-16.) Further, Costco's representatives all testified that they had legitimate and objective reasons for all of the decisions at issue in this case. Accordingly, no reasonable jury could find that Costco acted with malice, or reckless indifference to Ms. Cranfield's federally protected rights for any of the claims at issue in this case.

> **B.** **Indeed, Costco Has Definitively Established That It Engaged in Good Faith Efforts Through Training, Compliance, and Enforcement to Comply With Federal Anti-Discrimination and Accommodation Law Which Bars Punitive Damages Under *Kolstad*.**

Cranfield also has not offered any evidence refuting Costco's good faith efforts to comply with anti-discrimination laws. In *Kolstad v. Amer. Dental Assoc.*, the U.S. Supreme Court held that employers may not be liable for punitive damages if they make "good faith efforts" to comply with anti-discrimination laws. 527 U.S. 526 (1999); *see also EEOC v. Red Roof Inns, Inc.*, No. 3:20-CV-381, 2022 WL 3369519, at *18 (S.D. Ohio Aug. 16, 2022) (applying *Kolstad* to ADA failure to accommodate punitive damages claim); *Gard v. Grand River Rubber & Plastics Co.*, No. 1:20CV125, 2021 WL 6000039, at *27 (N.D. Ohio Dec. 20, 2021) (applying *Kolstad* to ADA punitive damages claim). Where an employer engages in good faith efforts at complying with anti-discrimination laws, it "demonstrates that it never acted in reckless disregard of federally protected

rights." *Kolstad*, 527 U.S. at 544. To determine whether Costco engaged in good faith efforts to comply with anti-discrimination laws, "the Court must focus on whether the employer had a written anti-discrimination policy and whether the employer effectively publicized and enforced its policy." *EEOC v. Dave's Supermarkets, Inc.*, No. 1:09 CV 2119, 2011 WL 797331, at *8 (N.D. Ohio Mar. 1, 2011)

Cranfield presented no evidence at trial sufficient to refute Costco's assertion that it engaged in good faith efforts to comply with anti-discrimination laws. To the contrary, her counsel elicited testimony at trial clearly establishing the existence of Costco's written comprehensive anti-discrimination policies and training, including those on race and color discrimination, as well as accommodations under the ADA. (*See* ECF No. 75 at 26:8-27:9.) Further, Clark both testified that Costco effectively publicized those policies in Costco's handbook. (*See* ECF No. 75 at 27:10-12.) Indeed, Clark testified that all Costco employees are aware that it is illegal to discriminate against another employee on the basis of race, color or discrimination. (*See* ECF No. 75 at 26:8-27:9; ECF No. 77 at 129:25-130:10.) And of course, Cranfield herself testified that she was aware of all of these policies, and presented no evidence to suggest that the policies were not adequately publicized. (*See* ECF No. 73 at 158:6-159:22.) Finally, both Clark and Petrescu testified to numerous occasions in which Costco made efforts to enforce its policies. (*See* ECF No. 77 at 135:24-136:25.) On all this evidence, no reasonable jury could find that Costco did not engage in good faith efforts to comply with anti-discrimination laws.

## Conclusion

For the foregoing reasons, Costco respectfully requests that the Court enter a directed verdict in favor of Costco on the issues of liability and damages for all of Ms. Cranfield's claims.

DATED:  November 17, 2022                    Respectfully submitted,

                                             COSTCO WHOLESALE CORPORATION


                                             By: /s/ *Erin Dougherty Foley*
                                                  One of Its Attorneys



Erin Dougherty Foley *(admitted in the ND Ohio)*
Kyla J. Miller (*Pro Hac Vice*)
Michael J. Cederoth *(Pro Hac Vice)*
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that she caused a copy of the foregoing

Costco's Memorandum of Law in Support of Its Motion for a Directed Verdict at the Close of

All Evidence to be served upon the following via the ECF on this 17 of November, 2022:


David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Suite 102
Cleveland, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570
dwneel@neellaw.com


  *s/ Erin Dougherty Foley*