**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANA CRANFIELD, | ) | CASE NO. 5:20-CV-02565-CEH |
| | ) | |
| Plaintiff, | ) | CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant, | ) | |
| | ) | |

<u>**JURY INSTRUCTIONS**</u>

---

## PART I: GENERAL

---

Members of the jury: You have heard the evidence and the arguments of counsel. It is now my duty to instruct you on the law that applies to this case. After I conclude my instructions, you will begin your deliberations. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

The lawyers may refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have

2

heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, then there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation or company is entitled to the same fair trial as a private individual. All persons, including corporations, companies, and other organizations stand equal before the law, and are to be treated as equals. Furthermore, a corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**Burden of Proof Instructions**

This is a civil case and as such the plaintiff has the burden of proving every disputed element of its claims to you by a preponderance of the evidence. If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each essential point as to which she  has the burden of proof, then you must find for the plaintiff on her claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain its burden and you must find for the defendant

Additionally, the defendant asserts certain affirmative defenses. The defendant can prevail on a claim if it proves an affirmative defense by a preponderance of the evidence. When more than one affirmative defense is involved, you should consider each one separately. I caution you that the defendant does not have to disprove the plaintiff's claims, but if the defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

To establish by a "preponderance of the evidence" means to prove something by the greater weight of the evidence. In other words, a preponderance of the evidence means that what is sought to be proven is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, because proof to an absolute certainty is seldom possible in any case.

However, if the weight of the evidence is equally balanced, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard in a criminal case. The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of the evidence, or the clear and convincing standard. The reasonable doubt standard does not apply to a civil case, and you should put that standard out of your mind.

## Evidence

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts and events that may have been admitted or stipulated to. Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Statements and arguments of counsel are not evidence in the case.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## Direct and Circumstantial Evidence

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Inferences

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from the facts you find have been proved, such reasonable inferences as seem justified in light of your experience and common sense.

"Inferences" are deductions or conclusions which reason and common sense lead the jury to draw from facts that have been established by the evidence in the case.

## Oral Statements or Admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors, including the following:

A.     Was the witness able to see, or hear, or know the things about which that witness testified?

B.     How well was the witness able to recall and describe those things?

C.     What was the witness's manner while testifying?

D.     Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

E.     How reasonable was the witness's testimony considered in light of all the evidence in the case?

F.     Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or

an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case. You may decide, if you find it is appropriate, that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being the most accurate and otherwise trustworthy. All of these are matters for you to consider in finding the facts.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief; or you may choose to accept the testimony as worthy of belief.

Evidence that, at some other time, a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case and, by such statement or other conduct, admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The testimony of a single witness that produces in your minds a belief in the likelihood of truth is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

## Impeachment

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact, or whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Limited Purpose of Evidence

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You should consider the evidence only for the limited purpose for which it was admitted.

**Non-Evidence**

In reaching your verdict, you may consider only the testimony, exhibits, and stipulations received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

A. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

B. Objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. Any evidence as to which an objection was sustained by the court must be entirely disregarded. You should not be influenced by the objection or by the court's ruling on it. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. You the jurors are the sole judges of the credibility of all witnesses, and the weight and effect of all evidence.

10

C. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

D. Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the documents that are in evidence in this case. Such charts and summaries are not in and of themselves evidence or proof of any facts. If such charts and summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

E.  If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the witness has confirmed the assertion of fact through his or her response to the question. The lawyer's statements are not evidence; only the witness's response is evidence.

F. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


**All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

11

## PART II: THE CLAIMS

There are certain facts concerning this case that are not in dispute.

1.    Diana Cranfield began her employment with Costco in the Boston Heights warehouse on April 11, 2016, and is still employed by Costco.

2.    Nina Adams began her employment with Costco on October 24, 2017.

3.    Part-time Costco employees are guaranteed at least 24 hours of work each week.

4.    Beginning in October 2018, and every year through the relevant timeframe, Ms. Cranfield used intermittent FMLA for her personal health condition.

5.    Costco employs between 200-250 full-time and part-time employees in the Boston Heights warehouse and between 10 and 11 employees in the Bakery Department, where Ms. Cranfield worked.

6.    On March 10, 2019, Ms. Cranfield requested to be off work on Saturday, May 11 by 2:00 p.m., and then off on Sunday, May 12 and Monday, May 13, 2019.

7.    On April 15, 2019, Ms. Cranfield provided a handwritten note to her supervisor that stated: "I need Thursdays and Saturdays off until further notice please."

8.    Ms. Cranfield was originally not scheduled to work on Thursday, May 9, 2019.

9.    On April 22, 2019, Costco changed Ms. Cranfield's schedule to have her work on Thursday, May 9, 2019.

10.    Ms. Cranfield is a member of a protected class – African-American.

11.    The document marked as Costco 00445 is a true, genuine and authentic copy of Adam Bruening's notes of the interview of Plaintiff for the May 2018 Refund Cashier position;

12.     The document marked as Costco 00456 is a true, genuine and authentic copy of Julia Petrescu's notes of the interview of Shauna Shields for the May 2018 Refund Cashier position.

13.     The document marked as Costco 00457 is a true, genuine and authentic copy of the letter Shauna Shields submitted with her application for the May 2018 Refund Cashier position.

14.     The document marked as Costco 00458-459 is a true, genuine and authentic copy of Shauna Shields's resume submitted with her application for the May 2018 Refund position.

This leaves for your decision the disputed issues that may be summarized as follows:

A. With respect to Ms. Cranfield's failure to accommodate claim under the Americans with Disabilities Act and Ohio Revised Code Sections 4112.02 and 4112.99, you must decide whether Costco failed to reasonably accommodate Ms. Cranfield's disability.

B. With respect to Ms. Cranfield's race and color discrimination claims under Title VII and Ohio Revised Code Sections 4112.02 and 4112.99, you must decide:

   a. Whether Ms. Cranfield's race was a motivating factor when Costco denied the Refund Cashier position to Ms. Cranfield that was awarded to Shauna Shields in May 2018.

   b. Whether Ms. Cranfield's color was a motivating factor when Costco denied the Refund Cashier position to Ms. Cranfield that was awarded to Nina Adams in August 2018;

   c. Whether Ms. Cranfield's race was a motivating factor when Costco denied the Refund Cashier position to Ms. Cranfield that was awarded to Jennifer Boulis in August 2018.

C. With respect to Ms. Cranfield's race discrimination claims under 42 U.S.C. § 1981, you must decide:

    a. Whether Costco failed to promote Ms. Cranfield because of her race when it awarded the Refund Cashier position to Shauna Shields in May 2018.

    b. Whether Costco failed to promote Ms. Cranfield because of her color when it awarded the Refund Cashier position to Nina Adams in August 2018

    c. Whether Costco failed to promote Ms. Cranfield because of her race when it awarded the Refund Cashier position to Jennifer Boulis in August 2018.

## PLAINTIFF'S CLAIMS FOR RACE AND COLOR DISCRIMINATION
### Title VII and O.R.C. §§ 4112.02 and 4112.99

In this case Plaintiff Diana Cranfield alleges that Costco discriminated against her on the basis of her race and/or color as it relates to the decision to promote or hire other candidates on three separate occasions.

Before you can find for the Ms. Cranfield, you must find by the preponderance of the evidence that race or color was a motivating factor in Costco's decision not to promote Ms. Cranfield.

A "motivating factor" means that Ms. Cranfield's race or color made a difference in Costco's decision not to promote her. There may be more than one reason for Costco's decision not to promote Ms. Cranfield. Ms. Cranfield does not need to prove that race or color was the only reason for the decision. It is not a motivating factor if Ms. Cranfield would not have been promoted regardless of her race or color.

In deciding Ms. Cranfield's discrimination claims, you should not concern yourselves with whether Costco's actions were wise, reasonable, or fair. Rather, your concern is only whether Ms. Cranfield has proved that Costco discriminated against her on the basis of race or color in declining to award her the promotions at issue.

## PLAINTIFF'S CLAIM FOR RACE AND COLOR DISCRIMINATION UNDER

## 42 U.S.C. § 1981

Ms. Cranfield claims that Costco failed to promote her because of her race and/or color. To succeed on this claim, Ms. Cranfield must prove by a preponderance of the evidence that Costco failed to promote her because of her race and/or color, you must decide that but for Ms. Cranfield's race and/or color, Costco would have promoted Ms. Cranfield had everything else been the same.

"But for" means that Ms. Cranfield would have been promoted in the absence of, that is "but for", Ms. Cranfield's race and/or color. In other words, Ms. Cranfield must prove that she was not promoted because of, based on, or by reason of her race and/or color.

If you find that Ms. Cranfield has proved this by a preponderance of the evidence, then you must find for Ms. Cranfield. However, if you find that Ms. Cranfield did not prove this by a preponderance of the evidence, then you must find for Costco.

## PLAINTIFF'S CLAIM FOR FAILURE TO REASONABLY ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT AND O.R.C. §§ 4112.02 AND 4112.99

**Nature Of an Americans with Disabilities Act Claim**

Ms. Cranfield has brought claims under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his or her job and the employer is aware of his or her limitations.

In this case, Ms. Cranfield alleges that Costco discriminated against her by not accommodating her disability. Costco denies that it discriminated against Ms. Cranfield and says that Ms. Cranfield's requested accommodation was unreasonable and that she failed to engage in an interactive process in order to reasonably accommodate her.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

**Reasonable Accommodation**

In this case, Plaintiff Diana Cranfield claims that Costco unlawfully refused to give her a "reasonable accommodation." To succeed, Ms. Cranfield must prove five things by a preponderance of the evidence:

1. Ms. Cranfield had a disability. I will define "disability" and several other important terms for you in a few minutes;

2. Ms. Cranfield was qualified to perform her job;

3. Ms. Cranfield requested a reasonable accommodation;

4.     Costco was aware of Ms. Cranfield's disability at the time of Ms. Cranfield's request; and

5.     Costco failed to provide Ms. Cranfield with a reasonable accommodation.

**Definition Of Disability**

Under the ADA, the term "disability" means a mental or physical impairment that "substantially limits" Plaintiff's ability to perform major life activities including but not limited to: caring for herself, sleeping, concentrating, thinking, interacting with others, and working. I will now define some of these terms in more detail.

Under the ADA, an impairment substantially limits a person's ability to work if it significantly restricts her from performing a class of jobs, or a broad range of jobs in various classes, compared to someone with similar knowledge, skills, and training. Being unable to do a particular job, however, is not by itself a substantial limitation on the ability to work.

**Definition Of "Qualified"**

Under the ADA, Ms. Cranfield was "qualified" if she has the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without being scheduled off Thursdays and Saturdays to attend therapy appointments. You should only consider Ms. Cranfield's abilities at the time when Costco changed her schedule to have her work on Thursday May 9, 2019.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Costco has to do that kind of work, the degree of specialization the job requires, Costco's judgment about what is required, the consequences of not requiring an employee to

satisfy that function, and the work experience of others who held that position.

**Reasonable Accommodation**

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is a plausible or feasible accommodation, and the costs of which, including the difficulty or expense of the requested accommodation, facially do not clearly exceed its benefits. In making this determination, you may consider, among other things, the impact of the accommodation on Costco's other employees.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, or other terms and conditions of employment, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

In deciding whether Ms. Cranfield was denied a reasonable accommodation, you must keep in mind that Costco is not obligated to provide a specific accommodation simply because it was requested by Ms. Cranfield. Ms. Cranfield may not insist on a particular accommodation if another reasonable accommodation was offered. The question is whether Costco failed to provide any reasonable accommodation of Ms. Cranfield's disability.

**Interactive Process**

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit her to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed and whether to award punitive damages.

**Undue Hardship**

Under the ADA, Costco does not need to accommodate Ms. Cranfield if it would cause an "undue hardship" to its business. An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change the nature of Costco's business or how Costco runs its business.

Costco must prove to you by a preponderance of the evidence that Ms. Cranfield's proposed accommodation - would be an "undue hardship." In deciding this issue, you should consider the following factors:

1. The nature and cost of the accommodation;

2. Costco's overall financial resources. This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3. The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4. The way that Costco conducts its operations. This might include its workforce structure; the location of its facility where the accommodation would be made compared to Costco's other facilities; and the relationship between these facilities.

## PART III: DAMAGES

**General**

If you find that Ms. Cranfield has proven her claims by a preponderance of the evidence, then you must determine what amount of damages, if any, Ms. Cranfield is entitled to recover. Ms. Cranfield must prove her damages by a preponderance of the evidence.

If you find that Ms. Cranfield has failed to prove any element of her claims, then you will not consider the question of damages with respect to that particular claim.

**Compensatory Damages**

You may award compensatory damages only for injuries that Ms. Cranfield has proved by a preponderance of the evidence were caused by Costco's wrongful conduct. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The emotional pain and suffering that Ms. Cranfield has experienced.

No evidence of the dollar value of emotional pain or suffering has been, or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Ms. Cranfield.

**Punitive Damages**

If you find for Ms. Cranfield on any of her claims, you may, but are not required to, assess punitive damages against Costco.

The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Punitive Damages for Federal Claims (Title VII, § 1981, and/or ADA)

To be awarded punitive damages on her federal claims, Ms. Cranfield must prove by a preponderance of the evidence that punitive damages should be assessed against Costco. You may assess punitive damages only if you find that the conduct of Costco, through its managerial employees, was in reckless disregard of Ms. Cranfield's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

Ms. Cranfield must prove by a preponderance of the evidence that Costco's managerial employees acted within the scope of their employment and in reckless disregard of Ms. Cranfield's right not to be discriminated against. In determining whether an individual was a managerial employee of Costco, you should consider the kind of authority Costco gave him or her, the amount of discretion he or she had in carrying out his or her job duties and the manner in which they were carried out.

You should not, however, award Ms. Cranfield punitive damages if Costco proves that it made a good faith effort to comply with federal employment discrimination laws, i.e., Title VII and 42 U.S.C. § 1981. You also may not award Ms. Cranfield punitive damages if you find that Costco engaged in good faith efforts with Ms. Cranfield to identify and make a reasonable

accommodation that would provide Ms. Cranfield with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

Punitive Damages for Ohio Claims (O.R.C. §§ 4112.02 and 4112.99)

To be awarded punitive damages on her Ohio claims, Ms. Cranfield must prove by clear and convincing evidence that Costco acted with actual malice. "Actual malice" is defined as (A) a state of mind characterized by hatred, ill will, or a spirit of revenge; or (B) a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm. "Substantial" means major or significant and not trifling or small.

"Clear and convincing" means that the evidence must produce in your minds a firm belief or conviction that Costco's managerial employees acted within the scope of their employment and in conscious disregard of Ms. Cranfield's right not to be discriminated against and that the conscious disregard had a great probability of causing Ms. Cranfield substantial harm. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

Appropriate Amount

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

      a) the reprehensibility of Costco's conduct;

b) the impact of Costco's conduct on Ms. Cranfield;

c) the relationship between Ms. Cranfield and Costco;

d) the likelihood that Costco would repeat the conduct if an award of punitive damages is not made;

e) Costco's financial condition; and

f) the relationship of any award of punitive damages to the amount of actual harm the Ms. Cranfield suffered.

---
## PART IV: CLOSING
---

The Court has given you the instructions on the law applicable to this case. I will now instruct you on how to conduct your deliberations and prepare your verdicts.

**<u>Deliberation – Juror's Duties</u>**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.

Again, the arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

Do not try to gather any information about the case on your own while you are deliberating. For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary or anything else, with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**<u>Communications with Non-Jurors are Limited During Deliberations</u>**

If during deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

To make such a request or any other communication with me, you may send a note through the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. The Courtroom Deputy will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages should normally be sent to me through your foreperson. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Do not ever write down or tell anyone how you stand as a group on your votes. For example, do not write down or tell anyone that you are split 5–3, or whatever your vote happens to be. That should stay secret until you are finished.

## Jury's Recollection Controls

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## Juror Use of Electronic Communication Technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website, such as Facebook, Myspace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

**Attempt to Reach a Verdict**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously. Therefore, if it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the other jurors may want to ask themselves about the basis for their feelings when a substantial number have reached a different conclusion. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a unanimous verdict.

**Sign Verdict**

Your verdict, whether it be for Ms. Cranfield or Costco, must be unanimous. This means that to find for Ms. Cranfield on a claim, every one of you must agree that Ms. Cranfield has proved each of the essential elements of that claim by a preponderance of the evidence.

And to find for Costco on a claim, every one of you must agree that Ms. Cranfield has failed to prove one or more of the essential elements of that claim by a preponderance of the evidence.

Either way, your verdict must be unanimous.

I have prepared verdict forms that you should use to record your verdict. The forms read as follows:

[READ VERDICT FORMS]

You will take the verdict forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you agree.

After you have reached unanimous agreement on a verdict, your foreperson will advise the Courtroom Deputy that you are ready to return to the courtroom.

**<u>Court Has No Opinion</u>**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

What time you will begin, what time you will end your day, and when to take a break are up to you. The only limitation is that you may not begin your deliberating until all of you are present.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's jury instructions, the verdict forms and the exhibits which have been admitted into evidence.