IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA CRANFIELD, | ) | CASE NO. 5:20-CV-02565-CEH |
| | ) | |
| Plaintiff, | ) | CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | **JURY VERDICT FORM – RACE AND** |
| | ) | **COLOR DISCRIMINATION UNDER** |
| Defendant, | ) | **TITLE VII AND ORC §§ 4112.02 and** |
| | ) | **4112.99** |

## JURY VERDICT FORM - RACE AND COLOR DISCRIMINATION

## UNDER TITLE VII AND ORC §§ 4112.02 and 4112.99

# SPECIAL VERDICT FORM – RACE AND COLOR DISCRIMINATION - UNDER TITLE VII AND ORC §§ 4112.02 and 4112.99

1) Did Ms. Cranfield prove by a preponderance of the evidence that race was a motivating factor in Costco's decision not to promote her to the Refund Cashier position in May 2018 that was awarded to Shauna Shields?

Answer Yes or No: **No**

2) Did Ms. Cranfield prove by a preponderance of the evidence that race was a motivating factor in Costco's decision not to promote her to the Refund Cashier position in August 2018 that was awarded to Jennifer Boulis?

Answer Yes or No: **No**

3) Did Ms. Cranfield prove by a preponderance of the evidence that color was a motivating factor in Costco's decision not to promote her to the Refund Cashier position in August 2018 that was awarded to Nina Adams?

Answer Yes or No: **No**

4) If you answered "Yes" to any of Questions 1, 2, or 3, answer Question 4, otherwise, sign this Verdict Form and proceed to the § 1981 Race Discrimination Verdict Form.

Question 4: Has Ms. Cranfield suffered emotional pain or mental anguish as a result of being denied a promotion to Refund Cashier in May 2018 and/or August 2018?

Answer Yes or No:

(If you answered "Yes," answer Question 5; otherwise sign this Verdict Form and proceed to the § 1981 Race Discrimination Verdict Form.)

5) What amount will fairly compensate Ms. Cranfield for her emotional pain and mental anguish as a result of being denied a promotion to the Refund Cashier position in May 2018 and/or August 2018?

Answer: $

(Proceed to Question 6)

6) Did Ms. Cranfield prove by the preponderance of the evidence that Costco's managerial employees act with reckless disregard of Ms. Cranfield's rights by not promoting her on the basis of her race and/or color in May 2018 and/or August 2018?

Answer Yes or No:

(If you answered "Yes," answer Question 7, otherwise sign this Verdict Form and proceed to the § 1981 Race Discrimination Verdict Form.)

7) Did Costco itself act in a good faith effort to comply with federal employment discrimination laws, i.e., Title VII and 42 U.S.C. § 1981?

Answer Yes or No:

(Proceed to Question 8.)

8) Did Ms. Cranfield prove by clear and convincing evidence that Costco's managerial employees act actual malice by not promoting her on the basis of her race and/or color in May 2018 and/or August 2018?

Answer Yes or No:

(If you answered "No" to Question 7 and/or "Yes" to Question 8, proceed to Question 9, otherwise sign this Verdict Form and proceed to the § 1981 Race Discrimination Verdict Form.)

9)     A: What amount of punitive damages, if any, should be assessed against Costco for its failure to promote Ms. Cranfield on the basis of her race and/or color in May 2018 and/or August 2018 under Title VII?

Answer: $

B: What amount of punitive damages, if any, should be assessed against Costco for its failure to promote Ms. Cranfield on the basis of her race and/or color in May 2018 and/or August 2018 under Ohio law?

Answer: $

C: If those damages you found in Part B exceed any amount that you may have already awarded to Ms. Cranfield in Part A, provide that number below.

Answer: $

Jurors' Signatures:

Date: 11-18-22

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANA CRANFIELD, | ) CASE NO. 5:20-CV-02565-CEH |
| | ) |
| Plaintiff, | ) CARMEN E. HENDERSON |
| | ) UNITED STATES MAGISTRATE JUDGE |
| v. | ) |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) **JURY VERDICT FORM – RACE AND** |
| | ) **COLOR DISCRIMINATION UNDER 42** |
| Defendant, | ) **U.S.C. § 1981 CLAIM** |
| | ) |

## JURY VERDICT FORM

## RACE AND COLOR DISCRIMINATION UNDER 42 U.S.C. § 1981 CLAIM

# SPECIAL VERDICT FORM – RACE AND COLOR DISCRIMINATION UNDER 42 U.S.C. § 1981

1) Did Ms. Cranfield prove by a preponderance of the evidence that but for her race, Costco would have promoted her to the Refund Cashier position in May 2018 that was awarded to Shauna Shields?

Answer Yes or **No:**

2) Did Ms. Cranfield prove by a preponderance of the evidence that but for her race, Costco would have promoted her to the Refund Cashier position in August 2018 that was awarded to Jennifer Boulis?

Answer Yes or **No:**

3) Did Ms. Cranfield prove by a preponderance of the evidence that but for her color, Costco would have promoted her to the Refund Cashier position in August 2018 that was awarded to Nina Adams?

Answer Yes or **No:**

4) If you answered "Yes" to any of Questions 1, 2, or 3, answer Question 4, otherwise, sign this Verdict Form and proceed to the ADA Verdict Form.

Question 4: Has Ms. Cranfield suffered emotional pain or mental anguish as a result of being denied a promotion to Refund Cashier in May 2018 and/or August 2018?

Answer Yes or No:

(If you answered "Yes," answer Question 5; otherwise sign this Verdict Form and proceed to the ADA Verdict Form.)

5) Part A: What amount will fairly compensate Ms. Cranfield for her emotional pain and mental anguish as a result of being denied a promotion to the Refund Cashier position in May 2018 and/or August 2018?

Answer $

Part B: If those damages you found in Part A exceed any amount that you may have already awarded to Ms. Cranfield for the denial of the May 2018 and/or August 2018 positions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., or O.R.C. §§ 4112.02 & 4112.99, provide that number below.

Answer: $

(Proceed to Question 6)

6) Did Costco's managerial employees act with reckless disregard of Ms. Cranfield's rights by not promoting her on the basis of her race and/or color in May 2018 and/or August 2018?

Answer Yes or No:

(If you answered "Yes," answer Question 7, otherwise sign this Verdict Form and proceed to the ADA Verdict Form.)

7) Did Costco itself act in a good faith effort to comply with employment discrimination laws, i.e., Title VII and 42 U.S.C. § 1981?

Answer Yes or No:

(If you answered "Yes," sign this Verdict Form and proceed to the ADA Verdict Form, otherwise, proceed to Question 8.)

8) Part A: What amount of punitive damages, if any, should be assessed against Costco for its failure to promote Ms. Cranfield on the basis of her race and/or color in May 2018 and/or August 2018?

Answer: $

    Part B: If those damages you found in Part A exceed any amount that you may have already awarded to Ms. Cranfield for the denial of the May 2018 and/or August 2018 positions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., or O.R.C. §§ 4112.02 & 4112.99, provide that number below.

Answer: $

Jurors' Signatures:

Date: 11/18/2022

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA CRANFIELD, | ) | CASE NO. 5:20-CV-02565-CEH |
| | ) | |
| Plaintiff, | ) | CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | **JURY VERDICT FORM – ADA CLAIM &** |
| | ) | **O.R.C. §§ 4112.02 & 4112.99** |
| Defendant, | ) | |
| | ) | |

**JURY VERDICT FORM – ADA CLAIM & O.R.C. §§ 4112.02 & 4112.99**

# SPECIAL VERDICT FORM – AMERICANS WITH DISABILITY ACT, 42 U.S.C. § 12101, et. seq. & O.R.C. §§ 4112.02 & 4112.99

1) Did Ms. Cranfield have a disability?

Answer (Yes) or No:

(If you answered "Yes," answer Question 2; otherwise, sign this verdict form, and return all forms.)


2) Was Ms. Cranfield qualified to perform her job as a bakery wrapper?

Answer (Yes) or No:

(If you answered "Yes," then answer Question 3; otherwise, sign this verdict form and return and return all forms.)


3) Did Ms. Cranfield request a reasonable accommodation?

Answer Yes or (No:)

(If you answered "Yes," then answer Question 4; otherwise, sign this verdict form and return all forms.)


4) Was Costco aware of Ms. Cranfield's disability at the time of Ms. Cranfield's request?

Answer Yes or No:

(If you answered "Yes," then answer Question 5; otherwise, sign this verdict form and return all forms.)

5) Did Costco fail to provide Ms. Cranfield with a reasonable accommodation?

Answer Yes or No:

(If you answered "Yes," then answer Question 6; otherwise, sign this verdict form and return all forms)

6) Would giving Ms. Cranfield a reasonable accommodation have been an undue hardship on Costco's business?

Answer Yes or No:

(If you answered "Yes," sign and return this verdict form this verdict form; otherwise, answer Question 7.)

7) Has Ms. Cranfield suffered emotional pain and mental anguish as a result of Costco's failure to accommodate her disability?

Answer Yes or No:

(If you answered "Yes," then answer Question 8; if you answered "No," to this question, sign this form and return all forms.)

8) What amount will fairly compensate Ms. Cranfield for her emotional pain and mental anguish as a result of Costco's failure to accommodate her disability?

Answer: $

(Answer Question 9.)

9) Did Ms. Cranfield prove by a preponderance of the evidence that Costco's managerial employees act with reckless disregard of Ms. Cranfield's rights by failing to reasonably accommodate her?

Answer Yes or No:

(If you answered "Yes," then answer Question 10; otherwise, sign and return this verdict form.)

10) Did Costco engage in good faith efforts with Ms. Cranfield to identify and make a reasonable accommodation that would provide Ms. Cranfield with an equally effective opportunity and would not cause an undue hardship on the operation of the business?

Answer Yes or No:

(Proceed to Question 11.)

11) Did Ms. Cranfield prove by clear and convincing evidence that Costco's managerial employees act with actual malice by failing to reasonably accommodate her?

Answer Yes or No:

(If you answered "No" to Question 10 and/or "Yes" to Question 11 then answer Question 12, otherwise, sign and return this verdict form.)

12)    A: What amount of punitive damages, if any, should be assessed against Costco on Ms. Cranfield's ADA claim?

Answer: $

B: What amount of punitive damages, if any, should be assessed against Costco on Ms. Cranfield's failure to accommodate claim under Ohio law?

Answer: $

C. If those damages you found in Part B exceed any amount that you may have already awarded to Ms. Cranfield in Part A, provide that number below.

Answer: $

Jurors' Signatures:

Date: 11/18/2022