# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIANA CRANFIELD, | ) | CASE NO. 5:20-CV-02565-CEH |
| | ) | |
| Plaintiff, | ) | CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | **ORDER** |
| | ) | |
| Defendant, | ) | |
| | ) | |

This matter was before the Court for a show cause hearing regarding Attorney David Neel's use of a vaporizer to use nicotine in the courtroom during trial. After hearing from Attorney Neel, the Court sanctioned Attorney Neel as follows:

- $300.00 per day for vaping in the courtroom, for a total of $1,800.00; due immediately to the Clerk of Court;

- $93.00 for the court security officer's time reviewing video footage of the trial proceedings, due immediately to the Clerk of Court; and

- $250.00 in attorney fees for Attorney Erin Foley's appearance for today's proceeding, made payable directly to Attorney Erin Foley.

This Order memorializes the Court's oral order.

I. Law

The United States Supreme Court has provided that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). "A court may impose sanctions pursuant to its inherent powers only when it finds the action in question was taken in bad faith, [ ]

or conduct that is tantamount to bad faith." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (internal citations omitted).[1]

The United States Court of Appeals for the Second Circuit set forth an exception to the bad faith requirement when an attorney's conduct is not related to his representation of the client. *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000) ("when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power."); *Palmer v. Simon's Agency, Inc.*, 833 F. App'x 838, 839 (2d Cir. 2020) ("This exception to the bad faith requirement includes 'violations of court orders or other conduct which interferes with the court's power to manage its calendar.' "); *but see Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989) (Although a district court has inherent authority to sanction "miscreant attorneys", the court must make finding of bad faith before sanctions may be imposed under that authority.); *United States v. Brown*, 62 F. App'x 165, 166 (9th Cir. 2003) ("bad faith is required whenever courts invoke inherent powers to sanction, regardless of the form of the sanction or whether the conduct in question was advocacy-related").

---

[1] This Court has the same ability as a district court judge to issue sanctions under its inherent authority. *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. Appx. 177, 180–81 (6th Cir. 2005) (quoting 28 U.S.C. § 636(c)(1)) ("The plain language of [28 U.S.C. § 636(c)(1) ] allows the magistrate judge to 'conduct any or all proceedings in a jury or non-jury civil matter[,]' " without restriction.); *see also* Fed. R. Civ. P. 73(a) ("[A] magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial."). Here, the parties' consent stated: "In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment." (ECF No. 6).

The Sixth Circuit has not carved out an exception to the bad faith requirement. *See e.g. Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016) (The proper test for when the alleged bad faith involves an attorney's failure to comply with a court order, "is whether [counsel] showed 'bad faith by ...hampering [the] enforcement of a court order.' ").

As detailed below, however, the Court finds that Attorney Neel's conduct amounted to bad faith.

II. Analysis

"Pursuant to Executive Order 13058, 'Protecting Federal Employees and the Public From Exposure to Tobacco Smoke in the Federal Workplace' (3 CFR, 1997 Comp., p. 216), it is the policy of the executive branch to establish a smoke-free environment for Federal employees and members of the public visiting or using Federal facilities. The smoking of tobacco products is prohibited in all interior space owned, rented or leased by the executive branch of the Federal Government." 41 C.F.R. § 102-74.315. "The term 'tobacco product' means any product made or derived from tobacco, or containing nicotine from any source, that is intended for human consumption, including any component, part, or accessory of a tobacco product (except for raw materials other than tobacco used in manufacturing a component, part, or accessory of a tobacco product)." 21 U.S.C.A. § 321 (rr)(1). "This smoking policy applies to the judicial branch when it occupies space in buildings controlled by the executive branch." 41 C.F.R. § 102-74.345. The policy also applies to all persons entering the property. 41 C.F.R. § 102- 74.365. Vaping is a term that originates from "vaporizing," which means using electronic cigarettes (e-cigarettes). E-cigarettes are smokeless nicotine devices typically consisting of a metal tube containing an atomizer, a battery, and a cartridge filled with liquid nicotine. Although the products do not contain

tobacco, the liquid nicotine used is derived from the leaves of tobacco plants. Accordingly, the smoking policy applies to e-cigarettes.

Local Rule 83.3 Courtroom and Courthouse Decorum states: "(a) No loitering, sleeping, or disorderly conduct is permitted in any Court buildings. (b) No food, drink, cards, placards, signs or banners are permitted in any courtroom or adjoining areas, except as permitted by the Court." All attorneys practicing in federal court have "a clear obligation to familiarize [themselves] with a district court's rules and to follow them...." *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013). Although Local Rule 83.3 does not expressly prohibit smoking in the Court building, given that no food or drink are allowed, no disorderly conduct is allowed, and smoking is prohibited in federal buildings per executive order as well as 41 C.F.R. § 102-74.315, it follows that the local rule also prohibits the use of tobacco products in a courtroom. The local rules do not define "disorderly conduct". Black's Law Dictionary, however, defines "disorderly conduct" as "[b]ehavior that tends to disturb the public peace, offend public morals, or undermine public safety." CONDUCT, Black's Law Dictionary (11th ed. 2019).

Attorney Neel represented Plaintiff Diana Cranfield during her trial against Defendant Costco Wholesale Corp. The trial began with jury selection on November 10, 2022, and continued from November 14 – 18, 2022. Following the completion of the trial, it was brought to the Court's attention through various sources including court personnel that Attorney Neel was vaping in the courtroom during the trial. It was also brought to the Court's attention that a court security officer found a vape cartridge left on the bench outside of the courtroom. Upon hearing this, the Court notified Attorney Neel through its Show Cause Order (ECF No. 88) of the events giving rise to the potential sanctions and set the matter for a hearing to allow Attorney Neel an opportunity to be heard.

4

During the hearing, this Court questioned Attorney Neel about his conduct. Attorney Neel admitted that he knew that vaping was prohibited in the courthouse; he admitted that he had been instructed by court security officers that he was able to vape outside the Federal building; he admitted that he used his vaporizer in the courtroom on each day of trial from November 14 through November 18; he did not dispute this Court's evidence that he also vaped during jury selection on November 10, 2022; and he admitted that the vaporizer contained nicotine. Attorney Neel apologized to the Court and Court personnel and acknowledged that he knew his actions were improper.

This Court found that Attorney Neel acted in bad faith in violation of a court standard or court decorum where smoking is not allowed in a federal building. Local Rule 83.3 Courtroom and Courthouse Decorum states: "(a) No loitering, sleeping, or disorderly conduct is permitted in any Court buildings (b) No food, drink, cards, placards, signs or banners are permitted in any courtroom or adjoining areas, except as permitted by the Court." Attorney Neel's conduct offended public morals and undermined public safety. First, it is well known that the use of tobacco products is prohibited in public places. Ohio expressly prohibits the use of electronic smoking devices and vapor products in public places and places of employment.  Ohio Rev. Code Ann. §§ 3794.01 (definition of "smoking"), 3794.02, 3794.03 (2022) (exemptions). Additionally, Attorney Neel's conduct violated Executive Order 13058 and 41 C.F.R. § 102-74.315, which also prohibit the use of tobacco products in federal buildings. Attorney Neel's brazen act of openly violating known laws and regulations offends public morals.

Second, Attorney Neel's conduct undermined the safety of all persons in the courtroom. According to the Food and Drug Administration ("FDA"), vapes, vaporizers, and electronic cigarettes (e-cigarettes or e-cigs) are tobacco product terms, which describe electronic nicotine

delivery systems ("ENDS"). *Food and Drug Administration website*: E-CIGARETTES, VAPES, AND OTHER ELECTRONIC NICOTINE DELIVERY SYSTEMS (ENDS), (last visited December 2, 2022). ENDS use an "e-liquid" that usually contains nicotine derived from tobacco, as well as flavorings, propylene glycol, vegetable glycerin, and other ingredients. *Id.* The liquid is heated to create an aerosol that the user inhales. *Id*. According to the FDA "[t]here are no safe tobacco products, including ENDS." *Id*. Vaping products expose people to risks of tobacco-related disease and death, as well as safety issues including: overheating, fires, and explosions; lung injuries; and seizures and other neurological symptoms. *Id.*

Attorney Neel's conduct offended public morals by violating Ohio law prohibiting the use of ENDS in a public workspace, Federal regulations prohibiting the use of ENDS in federal buildings, and the general standards for courthouse and courtroom decorum. Additionally, Attorney Neel's conduct undermined the public safety including that of federal employees, jurors, and the opposing party and counsel.

As such the Court found that Attorney Neel violated Local Rule 83.3, as well as Executive Order 13058 and 41 C.F.R. § 102-74.315.

Finally, prior to the show cause hearing, the Court requested that a court security officer review footage of the trial to see whether Attorney Neel had, in fact, been vaping inside the Federal courthouse. After reviewing footage of the morning of November 10, 2022, the Court discovered that there was evidence on the video of at least two instances during which Attorney Neel had vaped in the courtroom. The footage the Court reviewed also demonstrates that Attorney Neel knew his conduct was prohibited and inappropriate. Attorney Neel can be observed looking to determine that the court personnel who was previously standing by counsel table had walked away prior to pulling out his vaporizer. Additionally, he can be seen quickly and secretly concealing his

6

vaporizer in his interior jacket pocket prior to the judge entering the courtroom. Attorney Neel's behavior demonstrates that he knew what he was doing was wrong and he choose to do it anyway. When confronted by this Court at the show cause hearing, Attorney Neel admitted that he knew his actions were wrong. The Court finds that such conduct is consistent with Attorney Neel acting in bad faith.

Accordingly, a monetary sanction is appropriate in this matter.

III. Sanctions

Unfortunately, the C.F.R. is silent as to any fine that should be imposed on a person who violates the no-smoking policy. However, looking for guidance elsewhere in the C.F.R., Title 38 C.F.R. § 1.218 details fines for offenses on VA property, including a fine of $300 for the "[u]nauthorized use on [VA] property of alcoholic beverages or narcotic drugs, hallucinogens, marijuana, barbiturates, or amphetamines[.]" 38 C.F.R. § 1.218 (b)(17). This section contemplates use of a prohibited substance on the property, not specifically inside a facility. Even this does not presume that a person would smoke in the facility and therefore no fine is specified. The Court found, however, that $300 per day is a reasonable and appropriate sanction for Attorney Neel's unauthorized use of a vaporizer in a federal facility and specifically this Courtroom. Thus, the Court sanctioned Attorney Neel $300 per day for a total of $1,800.

Additionally, Attorney Neel shall pay reasonable attorney fees for Attorney Foley's appearance at the sanctions hearing. "A district court may assess an award of attorney's fees under its inherent powers if a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Greene v. Indep. Pilots Ass'n,* No. 18-5296, 2018 WL 9651540, at *3 (6th Cir. Oct. 4, 2018) (citing *Metz v. Unizan Bank,* 655 F.3d 485, 491-92 (6th Cir. 2011). This Court has determined that Attorney Neel acted in bad faith when he smoked in the courtroom.

Defense counsel had three attorneys present at the show cause hearing: Attorney Erin Foley; Attorney Kyla Miller; and Attorney Michael Cederoth. This Court found it is reasonable only to award attorney fees for one of the counsel present. Attorney Foley, who is lead counsel, indicated her hourly rate was $550. This Court found that $500 is a reasonable hourly rate. Because the hearing lasted 30 minutes, Attorney Neel shall pay $250 to Attorney Foley.

Finally, this Court found it appropriate to sanction Attorney Neel in an amount equal to the amount of time the court security officer spent reviewing tapes of the trial to discover whether he had been using the vaporizer in the courtroom.[2] This amount came to three hours at $31 per hour, for a total of $93. The Court notes that at the time of the sanctions hearing the court security officer had only reviewed the tapes for the morning of jury selection on November 10, 2022. Attorney Neel admitted to the use of the vaporizer on each of the remaining days (November 14-18); accordingly, no further review of the tapes was necessary.

IV. Conclusion

Accordingly, this Court found that Attorney Neel acted in bad faith when using his vaporizer to smoke inside a federal facility, specifically a federal courtroom, on November 10, 14, 15, 16, 17, and 18, 2022. Upon finding that Attorney Neel acted in bad faith, the Court, under its inherent authority, sanctioned Attorney Neel as follows:

- $300.00 per day for vaping in the courtroom, for a total of $1,800.00; due immediately to the Clerk of Court;

- $93.00 for the court security officer's time spent reviewing video footage of the trial proceedings, due immediately to the Clerk of Court; and

---

[2] Court security officers are not Federal court employees but are instead private contractors supervised by the U.S. Marshal Service.

- $250.00 in attorney fees for Attorney Erin Foley's appearance for today's proceeding, made payable directly to Attorney Erin Foley.

**IT IS SO ORDERED.**

Dated: December 5, 2022

                                                 s/ *Carmen E. Henderson*
                                                 CARMEN E. HENDERSON
                                                 U.S. MAGISTRATE JUDGE